COPY

1  Dariush G. Adli, State Bar No. 204959
   adli@adlilaw.com
2  Raymond Chan, State Bar No. 220534
   raymond.chan@adlilaw.com
3  Dave Deonarine, State Bar No. 243733
   dave.deonarine@adlilaw.com
4  **ADLI LAW GROUP P.C.**
   633 West Fifth Street, Suite 5880
5  Los Angeles, California 90071
   Telephone: 213-623-6546
6  Facsimile: 213-223-6554

7  Attorneys for Plaintiff
8  Kaneka Corporation

9              **UNITED STATES DISTRICT COURT**

10            **CENTRAL DISTRICT OF CALIFORNIA**

11

12  KANEKA CORPORATION, a               Case No.: **CV11- 02389** PA (SSx)
    Japanese Corporation,
13
                       Plaintiff,       **COMPLAINT FOR PATENT
14                                       INFRINGEMENT**

15            vs.                        **DEMAND FOR JURY TRIAL**

16
    ZHEJIANG MEDICINE CO., LTD., a
17  Chinese Corporation, ZMC-USA,
18  L.L.C., a Texas Corporation, XIAMEN
    KINGDOMWAY GROUP
19  COMPANY, a Chinese Corporation,
20  PACIFIC RAINBOW
    INTERNATIONAL INC., a California
21  Corporation, MITSUBISHI GAS
22  CHEMICAL COMPANY, INC., a
    Japanese Corporation, MAYPRO
23  INDUSTRIES, INC., a New York
24  Corporation, and SHENZHOU
    BIOLOGY & TECHNOLOGY CO.,
25  LTD., a Chinese Corporation,
26                     Defendants.
27

28

Plaintiff Kaneka Corporation states and alleges for its Complaint the following:

## THE PARTIES

1.     Plaintiff Kaneka Corporation ("KANEKA") is a Japanese corporation with its principal place of business at 3-2-4, Nakanoshima, Kita-ku, Osaka 530-8288, Japan.

2.     On information and belief, Defendant Zhejiang Medicine Co., Ltd. ("ZMC") is a Chinese corporation with its principal place of business at No.268 Dengyun Road, Gongshu District, Hangzhou, Zhejiang 310011, China.

3.     On information and belief, Defendant ZMC-USA, L.L.C. ("ZMC-USA") is a Texas Corporation with its principal place of business at 1776 Woodstead Court Suite 215, The Woodlands, Texas.

4.     On information and belief, Defendant Xiamen Kingdomway Group Company ("XKGC") is a Chinese corporation with its principal place of business at No.33-35 Xinchang Road, Haicang, Xiamen 361022, China.

5.     On information and belief, Defendant Pacific Rainbow International Inc. ("PRI") is a California corporation with its principal place of business at 19905 Harrison Ave, City of Industry, CA 91789, USA.

6.     On information and belief, Defendant Mitsubishi Gas Chemical Company, Inc. ("MGCC") is a Japanese corporation with its principal place of business at Mitsubishi Building, 5-2, Marunouchi 2-chome Chiyoda-ku, Tokyo 100-8324, Japan.

7.     On information and belief, Defendant Maypro Industries, Inc. ("MAYPRO") is a New York Corporation with its principal place of business at 550 Mamaroneck Avenue, Harrison, New York, 10528.

8.     On information and belief, Defendant Shenzhou Biology & Technology Co., Ltd. ("SBTC") is a Chinese corporation with its principal place of business at No. 61 Zhichun Road, Haidian District, Beijing, 100190, China.

## JURISDICTION AND VENUE

9.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

10.     Venue is proper in this Court under 28 U.S.C. §§ 1391(b)(2) and 1400(b).

11.     This Court has personal jurisdiction over each of the Defendants as each Defendant transacts substantial business in California (and in this district), or has committed and continues to commit acts of patent infringement in California (and in this district) as alleged in this Complaint.

## THE PATENT

12.     On March 22, 2011, United States Patent No. 7,910,340 ("the '340 Patent") entitled "Processes for Producing Coenzyme Q10," was duly and legally issued to KANEKA as the assignee of the named inventors.

## DEFENDANTS' INFRINGING ACTS

13.     The Defendants have actual notice of the '340 Patent and the infringement alleged herein at least upon filing of this complaint (if not earlier), pursuant to 35 U.S.C. § 287(a).

14.     On information and belief, ZMC and ZMC-USA have infringed, and continue to infringe, literally or under the doctrine of equivalents, one or more claims of the '340 Patent by acting, without authority, so as to import into the United States or offer to sell, sell, or use within the United States, including within this judicial district, Coenzyme Q10 made by a process covered by one or more of the claims of the '340 Patent.

15.     For example, KANEKA obtained a sample of Coenzyme Q10 produced by ZMC, and based on KANEKA's laboratory analysis of the obtained sample, information on ZMC's website, and on other information and belief, KANEKA has

confirmed that the process used to produce the obtained sample is covered by one or more claims of the '340 Patent.  KANEKA obtained a bill of lading that indicates ZMC shipped such Coenzyme Q10 products to ZMC-USA in the United States.

16.     On information and belief, XKGC and PRI have infringed, and continue to infringe, literally or under the doctrine of equivalents, one or more claims of the '340 Patent by acting, without authority, so as to import into the United States or offer to sell, sell, or use within the United States, including within this judicial district, Coenzyme Q10 made by a process covered by one or more of the claims of the '340 Patent.

17.     For example, KANEKA obtained a sample of Coenzyme Q10 produced by XKGC, and based on KANEKA's laboratory analysis of the obtained sample, information on XKGC's website,  and on other information and belief, KANEKA has confirmed that the process used to produce the obtained sample is covered by one or more claims of the '340 Patent.  KANEKA obtained a bill of lading that indicates XKGC shipped such Coenzyme Q10 products to PRI in the United States.

18.     On information and belief, MGCC and MAYPRO have infringed, and continue to infringe, literally or under the doctrine of equivalents, one or more claims of the '340 Patent by acting, without authority, so as to import into the United States or offer to sell, sell, or use within the United States, including within this judicial district, Coenzyme Q10 made by a process covered by one or more of the claims of the '340 Patent.

19.     For example, KANEKA obtained a sample of Coenzyme Q10 produced by MGCC, and based on KANEKA's laboratory analysis of the obtained sample, information on MGCC's website, and on other information and belief, KANEKA has confirmed that the process used to produce the obtained sample is covered by one or more claims of the '340 Patent.  KANEKA obtained a bill of lading that indicates MGCC shipped such Coenzyme Q10 products to MAYPRO in the United States.

20.     On information and belief, SBTC has infringed, and continues to infringe, literally or under the doctrine of equivalents, one or more claims of the '340 Patent by acting, without authority, so as to import into the United States or offer to sell, sell, or use within the United States, including within this judicial district, Coenzyme Q10 made by a process covered by one or more of the claims of the '340 Patent.

21.     For example, KANEKA obtained a sample of Coenzyme Q10 produced by SBTC, and based on KANEKA's laboratory analysis of the obtained sample, information on SBTC's website,  and on other information and belief, KANEKA has confirmed that the process used to produce the obtained sample is covered by one or more claims of the '340 Patent.  KANEKA obtained a bill of lading that indicates SBTC shipped such Coenzyme Q10 products to the United States.

22.     The above-described acts of infringement committed by Defendants have caused injury and damage to KANEKA, and will cause irreparable injury and damages in the future unless Defendants are enjoined from further infringing the '340 Patent.

## CLAIM FOR RELIEF
## INFRINGEMENT OF THE '340 PATENT

23.     KANEKA incorporates by reference the allegations set forth in paragraphs 1 through 15 above as if specifically set forth herein.

24.     Each of the Defendants have imported and are importing into the United States and/or have offered to sell, sold, or used and are offering to sell, selling and using within the United States Coenzyme Q10 made by a process covered by one or more of the claims of the '340 Patent.

25.     By importing, offering to sell, selling and/or using Coenzyme Q10 made by a process covered by one or more of the claims of the '340 Patent, Defendants have directly infringed, and are directly infringing the '340 Patent under 35 U.S.C. § 271(g).

26.     On information and belief, Defendants have and are actively inducing others to infringe the '340 Patent under 35 U.S.C. § 271(b).

27.     As a consequence of Defendants' infringement and inducement of infringement, KANEKA is entitled to recover damages adequate to compensate it for the injuries complained of herein.  KANEKA is further entitled to have Defendants enjoined from committing additional future acts of infringement which would subject KANEKA to irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Kaneka Corporation respectfully requests that this Court:

(a) enter judgment that each of the Defendants has infringed or induced the infringement of one or more claims of the '340 Patent;

(b) enter judgment that Defendants' infringement of the '340 Patent has been willful, deliberate, and intentional;

(c) enter a preliminary and permanent injunction, pursuant to 35 U.S.C. § 283, enjoining each of the Defendants, and all of their respective agents, servants, officers, directors, employees, and all other persons acting in concert with them, directly or indirectly, from any further acts of infringement of the '340 Patent;

(d) enter an order, pursuant to 35 U.S.C. § 284, awarding to KANEKA damages adequate to compensate for infringement of the '340 Patent in an amount to be determined at trial, but not less than a reasonable royalty;

(e) enter an order, pursuant to 35 U.S.C. § 284, trebling damages for Defendants' willful infringement of the '340 Patent;

(f) enter an order, pursuant to 35 U.S.C. § 285, deeming this to be an "exceptional case" and thereby awarding KANEKA its reasonable attorneys' fees, costs, and expenses;

(g) enter an order awarding to KANEKA pre- and post-judgment interest at the maximum rates allowable under the law; and,

(h) enter an order awarding to KANEKA such other and further relief, whether at law or in equity, that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Local Civil Rule 38-1, KANEKA demands a trial by jury on all issues triable as of right by a jury.

Dated: March 21, 2011

Dariush G. Adli
Raymond Chan
Dave Deonarine

**ADLI LAW GROUP P.C.**

Attorneys for Kaneka Corporation

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Percy Anderson and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

## CV11- 2389 PA (SSx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=============================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

COPY

Dariush G. Adli, State Bar No. 204959
Raymond Chan, State Bar No. 220534
Dave Deonarine, State Bar No. 243733
ADLI LAW GROUP P.C.
633 West Fifth Street, Suite 5880
Los Angeles, California 90071

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KANEKA CORPORATION, a Japanese Corporation | CASE NUMBER |
| PLAINTIFF(S) | **CV11-02389** PA (SSx) |
| v. | |
| ZHEJIANG MEDICINE CO., LTD., a Chinese Corporation, ZMC-USA, L.L.C., a Texas Corporation, XIAMEN KINGDOMWAY GROUP CO., et al | |
| _See Att._ DEFENDANT(S). | **SUMMONS** |

TO:   DEFENDANT(S): <u>ZHEJIANG MEDICINE CO., LTD, ZMC-USA, L.L.C, XIAMEN</u>
<u>KINGDOMWAY GROUP COMPANY, PACIFIC RAINBOW INTERNATIONAL INC., et al</u>

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Dariush G. Adli_____, whose address is _633 West Fifth Street, Suite 5880 Los Angeles, CA 90071_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

**JULIE PRADO**

Dated: _March 22, 2011_____          By: _____

Deputy Clerk

_(Seal of the Court)_

_[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)]._

Dariush G. Adli, State Bar No. 204959
adli@adlilaw.com
Raymond Chan, State Bar No. 220534
raymond.chan@adlilaw.com
Dave Deonarine, State Bar No. 243733
dave.deonarine@adlilaw.com
**ADLI LAW GROUP P.C.**
633 West Fifth Street, Suite 5880
Los Angeles, California 90071
Telephone: 213-623-6546
Facsimile: 213-223-6554

Attorneys for Plaintiff
Kaneka Corporation

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KANEKA CORPORATION, a Japanese Corporation,<br><br>                    Plaintiff,<br><br>          vs.<br><br>ZHEJIANG MEDICINE CO., LTD., a Chinese Corporation, ZMC-USA, L.L.C., a Texas Corporation, XIAMEN KINGDOMWAY GROUP COMPANY, a Chinese Corporation, PACIFIC RAINBOW INTERNATIONAL INC., a California Corporation, MITSUBISHI GAS CHEMICAL COMPANY, INC., a Japanese Corporation, MAYPRO INDUSTRIES, INC., a New York Corporation, and SHENZHOU BIOLOGY & TECHNOLOGY CO., LTD., a Chinese Corporation,<br>                    Defendants. | Case No.:<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

COPY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| KANEKA CORPORATION | ZHEJIANG MEDICINE CO., LTD., ZMC-USA, L.L.C., XIAMEN KINGDOMWAY GROUP COMPANY, PACIFIC RAINBOW INTERNATIONAL INC., MITSUBISHI GAS CHEMICAL CO., INC. et al |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Dariush G. Adli of ADLI LAW GROUP P.C. <br> 633 West Fifth Street, Suite 5880 Los Angeles, CA 90071 <br> TEL: 213-623-6546 FAX: 213-623-6554 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff　☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant　☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☑ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding　☐ 2 Removed from State Court　☐ 3 Remanded from Appellate Court　☐ 4 Reinstated or Reopened　☐ 5 Transferred from another district (specify):　☐ 6 Multi-District Litigation　☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No　☑ MONEY DEMANDED IN COMPLAINT: $ Unlimited

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 et seq. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☑ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV11-02389

**FOR OFFICE USE ONLY:**　Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)     ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                                 ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                                 ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                                 ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Japan |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Los Angeles, Central | Texas; New York; China; Japan |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
      Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Los Angeles, Central |  |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _David_____   Date _March 22/11._

   **Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
   or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
   but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |