1  Timothy P. Walker (SBN 105001)
   timothy.walker@klgates.com
2  L. Howard Chen (SBN 257393)
   howard.chen@klgates.com
3  Harold H. Davis, Jr. (SBN 235552)
   harold.davis@klgates.com
4  Jas Dhillon (SBN 252842)
   jas.dhillon@klgates.com
5  K&L GATES LLP
   Four Embarcadero Center, Twelfth Floor
6  San Francisco, CA 94111
   Phone: (415) 882-8200
7  Fax:    (415) 882-8220

8  Matthew B. O'Hanlon (SBN 253648)
   matthew.ohanlon@klgates.com
9  K&L GATES LLP
   10100 Santa Monica Boulevard, Seventh Floor
10 Los Angeles, CA  90067
   Phone: (310) 552-5000
11 Fax:  (310) 552-5001

12 Attorneys for Defendant and Counterclaimant
   Shenzhou Biology and Technology Co., Ltd.
13

14                UNITED STATES DISTRICT COURT

15                CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 16  KANEKA CORPORATION, a Japanese Corporation, | Case No. CV-11-02389-MRP-SS |
| 17  Plaintiff, | **DEFENDANT'S NOTICE OF UNOPPOSED MOTION AND UNOPPOSED MOTION FOR LEAVE TO FILE A FIRST AMENDED ANSWER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 15(a)(2); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| 18  v. | |
| 19  ZHEJIANG MEDICINE CO., LTD., a Chinese Corporation, ZMC-USA, L.L.C., a Texas Corporation, XIAMEN KINGDOMWAY GROUP COMPANY, a Chinese Corporation, PACIFIC RAINBOW INTERNATIONAL INC., a California Corporation, MITSUBISHI GAS CHEMICAL COMPANY, INC., a Japanese Corporation, MAYPRO INDUSTRIES, INC., a New York Corporation, and SHENZHOU BIOLOGY & TECHNOLOGY CO., LTD., a Chinese Corporation, | *[Proposed] First Amended Answer lodged concurrently herewith]* |
| | Date:         June 24, 2013 |
| | Time:         11:00 a.m. |
| | Courtroom:    12 |
| Defendants. | |

NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER;
Case No. CV-11-02389-MRP-SS

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Please take notice that on June 24, 2013 at 11:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 12 of the above-captioned Court, located at the United States Courthouse at 312 North Spring Street Los Angeles, CA 90012, Defendant Shenzhou Biology & Technology Co., Ltd. ("Shenzhou") will and hereby does move the Court for leave to file a First Amended Answer to Plaintiff Kaneka Corporation's ("Kaneka's") Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). Shenzhou's motion is unopposed.

This Motion is made on the grounds that Shenzhou seeks to amend its Answer to Kaneka's Complaint to add further specificity in support of its invalidity and unenforceability affirmative defenses. Shenzhou's proposed amendments provide additional specificity in support of Shenzhou's affirmative defenses through the inclusion of further factual assertions supporting: the lack of utility of the '340 Patent under 35 U.S.C. § 101; anticipation and/or obviousness under 35 U.S.C. §§ 102 and/or 103; Kaneka's use, offer for sale, and/or sale of oxidized Coenzyme Q10 prior to December 27, 2001, which would constitute an on sale-bar under 35 U.S.C. § 102(b); the improper scope of the '340 Patent under 35 U.S.C. § 112 and § 132; and, improper inventorship under 35 U.S.C. § 102(f) and § 116. Shenzhou also seeks to add two additional affirmative defenses: unclean hands/patent misuse and prosecution history estoppel. These additional affirmative defenses are closely related to affirmative defenses already asserted by Shenzhou in its original Answer in this action. Further, these affirmative defenses were previously asserted and litigated in the related International Trade Commission Investigation No. 337-TA-790.

This Motion is made following the conference of counsel for Kaneka and Shenzhou pursuant to Local Rule 7-3. During that conference, counsel for Kaneka stated that they would not oppose this Motion or the filing of the Amended Answer. Dkt. No. 92.

1  This Motion is based upon this Notice, the attached Memorandum of Points and
2  Authorities and supporting declaration and attached exhibits, the Complaint, the
3  Answer, and the Proposed First Amended Answer, the complete files and records in
4  this Action, and such other and further matters as the Court may deem just and proper
5  to consider this Motion.

K&L GATES LLP

Dated:  May 21, 2013            By: */s/ Timothy P. Walker*
                                    Timothy P. Walker
                                    timothy.walker@klgates.com
                                    L. Howard Chen
                                    howard.chen@klgates.com
                                    Harold H. Davis, Jr.
                                    harold.davis@klgates.com
                                    Jas Dhillon
                                    jas.dhillon@klgates.com
                                    Matthew B. O'Hanlon
                                    matthew.ohanlon@klgates.com

                                    Attorneys for Defendant and
                                    Counterclaimant Shenzhou Biology
                                    and Technology Co., Ltd.

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Fed. R. Civ. P. 15(a)(2), Shenzhou submits this unopposed Motion for Leave to Amend Shenzhou's Answer to Kaneka's Complaint. Shenzhou seeks to amend its Answer to add further specificity in support of its invalidity and unenforceability affirmative defenses. Shenzhou's proposed amendment provides additional specificity in support of Shenzhou's affirmative defenses through the inclusion of further factual assertions supporting: the lack of utility of the '340 Patent under 35 U.S.C. §101; anticipation and/or obviousness under 35 U.S.C. §102 and/or 103; Kaneka's use, offer for sale, and/or sale of oxidized Coenzyme Q10 prior to December 27, 2001, which would constitute an on sale-bar under 35 U.S.C. §102(b); the improper scope of the '340 Patent under 35 U.S.C. §112 and §132; and, improper inventorship under 35 U.S.C. § 102(f) and §116. Shenzhou also seeks to add two additional affirmative defenses: unclean hands/patent misuse and prosecution history estoppel.

The supplemental factual assertions and additional affirmative defenses are closely related to affirmative defenses already asserted by Shenzhou in its original Answer in this action. Further, the proposed First Amended Answer is consistent with the factual assertions and affirmative defenses pled in Shenzhou's Answer in the related International Trade Commission, ITC Investigation No. 337-TA-790 ("ITC Proceeding").

Kaneka has stated that it does not intend to oppose this Motion or the filing of the Amended Answer. *See* Dkt. No. 92. This amendment, if permitted, will not prejudice Kaneka in this case, as Kaneka has already conducted discovery related to these affirmative defenses in the ITC Proceeding. Further, the amendment is consistent with Fed. R. Civ. P. 15(a) and the interests of justice, and will not affect the proposed schedule for this case. Dkt. No. 91. Shenzhou's proposed First Amended Answer to Kaneka's Complaint is attached as Exhibit 1 to the Declaration of Jas Dhillon ("Dhillon Decl.")

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 22, 2011, Kaneka commenced this patent infringement action against Zhejiang Medicine Co., Ltd. ("ZMC"), ZMC-USA, LLC ("ZMC-USA"), Xiamen Kingdomway Group Company ("XKGC"), Pacific Rainbow International Inc. ("PRI"), Mitsubishi Gas Chemical Company, Inc. ("MGC"), Maypro Industries, Inc. ("Maypro"), and Shenzhou. Dkt. No. 1.[1]  Kaneka alleges that the defendants infringe Kaneka's United States Patent No. 7,910,340 ("'340 Patent"). *Id.* On July 26, 2011, Shenzhou filed its Answer and Counterclaims to Kaneka's District Court Complaint ("District Court Answer"). Dkt. No. 56.

On June 17, 2011, Kaneka filed a related action in the ITC. Dkt. No. 58. This Court stayed this action on August 3, 2011 pending the final determination of the ITC Investigation. Dkt. No. 61. On August 15, 2011, Shenzhou filed its Answer to Kaneka's ITC Complaint. *See* Exhibit 2 to the Dhillon Decl. Shenzhou filed a further Answer to Kaneka's Amended ITC Complaint on March 2, 2012 ("ITC Answer"). *See* Exhibit 3 to the Dhillon Decl.

Shenzhou's ITC Answer details its affirmative defenses with greater specificity than asserted in its District Court Answer, and asserts additional affirmative defenses which are not currently asserted in its District Court Answer. *Compare* Dkt. No. 56 and Exhibit 3 to the Dhillon Decl. Shenzhou's invalidity and unenforceability affirmative defenses, which are asserted jointly in its second affirmative defense in its District Court Answer, are pled separately and in greater factual detail in its ITC Answer and include additional specificity regarding: lack of utility of the '340 patent under 35 U.S.C. § 101; anticipation and/or obviousness under 35 U.S.C. §§ 102, 103; Kaneka's use, offer for sale, and/or sale of oxidized Coenzyme Q10 prior to December 27, 2001; the improper scope of the '340 Patent under 35 U.S.C. § 112 and §132; and,

---

[1] On June 10, 2011, this Court granted ZMC's and ZMC-USA's motion to transfer venue from the Central District of California to the Southern District of Texas. Dkt. No. 39.

improper inventorship under 35 U.S.C. § 102(f) and §116.[2]  *Id*.  Shenzhou's ITC Answer also includes additional affirmative defenses, such as prosecution history estoppel and patent misuse, which are not currently asserted in its District Court Answer, but are closely tied to Shenzhou's fourth affirmative defense based on equitable estoppel and unclean hands as pled in its District Court Answer. *Id*.

A final determination was rendered in the ITC Proceeding on December 6, 2012, in which the ITC affirmed the decision by Administrative Law Judge ("ALJ") Robert K. Rogers, Jr., finding that no valid and enforceable claim of the '340 patent had been infringed by the Respondents in the ITC Proceeding.  Upon expiration of the appeals period, this Court ordered a May 7, 2013 Status Conference.

Shenzhou met and conferred with Kaneka in preparation for the May 7, 2013 Status Conference and, in accord with Local Rule 7-3, discussed Shenzhou's intent to amend its District Court Answer to add further specificity to its affirmative defenses as well as include additional affirmative defenses asserted in its ITC Answer but not currently pled in its District Court Answer.  *See* Dhillon Decl., at ¶5.  At the May 7, 2013 Status Conference, Shenzhou indicated to the Court its intent to move to amend its Answer.  Kaneka does not oppose Shenzhou's proposed Amended Answer, and the Court indicated it would not object to Shenzhou's proposed amendments.  *Id.* at ¶6.

## II.  **JUDICIAL STANDARD**

Federal Rule of Civil Procedure 15 and the cases interpreting it establish a permissive policy towards amendments to pleadings.  "[A] party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  In keeping with the underlying purpose of Rule 15 to facilitate decisions on the merits rather than

---

[2] While improper inventorship is not explicitly asserted in Shenzhou's ITC Answer, Shenzhou's Eighth Affirmative Defense in its ITC Answer incorporates by reference the affirmative defenses asserted by other Respondents in the ITC action. Improper inventorship under 35 U.S.C. § 102(f) and §116 was asserted and briefed by Respondents collectively in the ITC Proceeding, and Shenzhou seeks to include improper inventorship in this action.

1  on the pleadings or technicalities, the Ninth Circuit has repeatedly held that "[R]ule
2  15's policy of favoring amendments to pleadings should be applied with 'extreme
3  liberality.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)
4  (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981); *see also Morongo*
5  *Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (policy of freely
6  granting leave to amend is to be applied with extreme liberality); *Miller v. Rykoff-*
7  *Sexton, Inc.*, 845 F. 2d 209 (9th Cir. 1987) (reversing jury verdict for plaintiff because
8  of trial court's refusal to allow amendment of answer 10 months before trial to assert
9  new affirmative defense); *Ledo Fin. Corp. v. Summers*, 122 F.3d 825, 827 (9th Cir.
10 1997) (finding that defendant was properly permitted to raise defense for first time in
11 summary judgment motion where plaintiff was not prejudiced).
12     As a result of this liberal policy, "the nonmoving party bears the burden of
13 demonstrating why leave to amend should not be granted." *Genentech, Inc. v. Abbott*
14 *Laboratories*, 127 F.R.D. 529, 530-31 (1989).  Moreover, "[a]mendments seeking to
15 add claims are to be granted more freely than amendments adding parties." *Union*
16 *Pac. R.R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991).
17 **III.  ARGUMENT**
18     **A.  The Court Should Permit Shenzhou Leave to File a First Amended**
19         **Answer under Rule 15(a)(2)**
20         1.  The Proposed Amendments to the Answer will Not Prejudice
21             Kaneka
22     "Prejudice is the 'touchstone of the inquiry under Rule 15(a)'." *Eminence*
23 *Capital, LLC*, 316 F.3d at 1052 (quoting *Lone Star Ladies Inv. Club v. Schlotzsky's*
24 *Inc.*, 238 F.3d 363, 368 (5th Cir. 2001)).  "The party opposing amendment bears the
25 burden of showing prejudice." *DCD Programs, Ltd.*, 833 F.2d at 187.  A party cannot
26 meet such a burden by relying on general assertions of prejudice to meet its burden.
27 *See, e.g.*, *Chang Bee Yang v. Sun Trust Mortg., Inc.*, No. 1:10–cv–01541–AWI–SKO,
28

2011 WL 2433640, at *3 (E.D. Cal. June 14, 2011) (rejecting general assertions of prejudice).

The proposed amendments[3] to Shenzhou's District Court Answer, which include supplemental assertions in support of Shenzhou's affirmative defenses and two additional affirmative defenses, will not delay the case or prejudice Kaneka. Discovery related to these affirmative defenses and supporting assertions was already conducted in the ITC Proceeding, and, further, the additional specificity provided in support of Shenzhou's affirmative defenses and the additional affirmative defenses of patent misuse and prosecution history estoppel are related to affirmative defenses already articulated in this action. For example, while Shenzhou seeks to assert additional facts in support of its invalidity affirmative defenses, these affirmative defenses were already pled in Shenzhou's District Court Answer as Shenzhou's second affirmative defense:

> The '340 Patent is invalid because it is anticipated by the prior art or otherwise fails to comply with the requirements of 35 U.S.C. §§ 100, *et seq.*, including one or more of the following: 35 U.S.C. §§ 101, 102, 103, and/or 112.

*See* Dkt. No. 56, at 5:1-4.

Shenzhou simply seeks to expand on this previously asserted affirmative defense in order to provide further factual allegations in support of Kaneka's failure to meet the requirements of 35 U.S.C. §§ 101, 102, 103, 112, 116, and 132, as pled in Shenzhou's ITC Answer and briefed during the ITC Proceeding. Shenzhou's ITC Answer provides additional specificity as to each affirmative defense. *See* Exhibit 3 to the

---

[3] Shenzhou's proposed amendments provide additional specificity in support of Shenzhou's affirmative defenses through the inclusion of further factual assertions supporting: the lack of utility of the '340 Patent under 35 U.S.C. §101; anticipation and/or obviousness under 35 U.S.C. §102 and/or 103; Kaneka's use, offer for sale, and/or sale of oxidized Coenzyme Q10 prior to December 27, 2001, which would constitute an on sale-bar under 35 U.S.C. §102(b); the improper scope of the '340 Patent under 35 U.S.C. §112 and §132; and, improper inventorship under 35 U.S.C. § 102(f) and §116.. Shenzhou also seeks to add two additional affirmative defenses: 1) unclean hands/patent misuse; and, 2) prosecution history estoppel.

Dhillon Decl. Shenzhou's proposed amended District Court Answer would do the same.

Similarly, the additional affirmative defenses of patent misuse and prosecution history estoppel are closely tied to Shenzhou's fourth affirmative defense, as currently stated in its District Court Answer:

> Plaintiff's claims are barred in whole or in part by the equitable doctrines of equitable estoppel, unclean hands, laches, waiver, and/or acquiescence.

*See* Dkt. No. 56, at 5:7-9.

As asserted in Shenzhou's ITC Answer, the patent misuse affirmative defense is directly related to the asserted defense of unclean hands as Shenzhou alleges that Kaneka failed to disclose and/or misrepresented certain prior art during the prosecution of the '340 Patent. Likewise, Shenzhou's prosecution history estoppel correlates to the already pled affirmative defense of equitable estoppel in that Shenzhou asserts that Kaneka is estopped from construing or altering the scope of the patent claims.

Notably, during the parties' meet and confer, Kaneka stated that it would not oppose Shenzhou's motion for leave to amend its District Court Answer, and this Court has stated it does not object to Shenzhou amending its affirmative defenses to be consistent with its ITC Answer. Allowing Shenzhou to amend its affirmative defenses will ensure that all issues raised by Kaneka's claims for patent infringement are efficiently litigated in this case and that the interests of justice are served.

### 2. Shenzhou has not Engaged in Undue Delay or Bad Faith in Moving for Leave to Amend its Answer

There is no evidence of undue delay or bad faith in Shenzhou's request for leave to amend its District Court Answer. Shenzhou was unable to file this Motion earlier as this case was stayed pending the final determination of the ITC Proceeding. Once the stay was lifted, Shenzhou met and conferred with Kaneka in preparation for the May 7, 2013 Status Conference and, pursuant to Local Rule 7-3, discussed Shenzhou's intent to amend its District Court Answer to be consistent with the affirmative defenses

1  asserted in its ITC Answer.  As such, there has been no undue delay or bad faith.  *See*
2  *Cuevas v. City of San Luis, Ariz.*, Case No. CV 04-0476 PHX-PGR, 71 Fed. R. Serv.
3  3d 1479 at *3 (D. Ariz. Nov. 3, 2008) (recognizing that "undue delay alone, even if
4  established, is insufficient to warrant the denial of a motion to amend").

5  Similarly, there is no evidence of a dilatory motive or repeated failure to cure
6  deficiencies by prior amendment.  To the contrary; this is the first time that Shenzhou
7  has sought to amend its District Court Answer.  The proposed amendments to
8  Shenzhou's District Court Answer would simply serve to make the affirmative
9  defenses pled in the District Court Answer consistent with Shenzhou's ITC Answer.
10 There is no improper motive behind Shenzhou's amendments; Shenzhou simply seeks
11 to plead the same affirmative defenses and supporting allegations already pled and
12 litigated in the related ITC Proceeding.

13              3.    <u>Shenzhou's Proposed Amendment to its Answer is Not Futile</u>

14 Shenzhou's proposed amendment is not futile. "A proposed amendment is futile
15 for purposes of denying a motion to amend where no set of facts may be proven under
16 the amendment to the pleadings that would constitute a valid and sufficient claim or
17 defense."  *Luce v. Dalton*, 166 F.R.D. 457, 459 (S.D. Cal. 1996).  The proposed
18 amendment presents specificity in support of Shenzhou's invalidity and
19 unenforceability affirmative defenses, as addressed above, and adds the additional
20 affirmative defenses of patent misuse and prosecution history estoppel, as well as
21 factual allegations in support of such additional defenses.  The proposed amendments
22 are not futile as they provide additional affirmative defenses as well as factual
23 allegations.  In turn, the proposed amendments provide Kaneka with adequate notice of
24 Shenzhou's affirmative defenses and the underlying factual allegations in support of
25 such defenses.  Further, the proposed amendments avoid any issue relating to waiver of
26 affirmative defenses. Accordingly, the Court should grant leave to file its First
27 Amended Answer.
28

## IV. CONCLUSION

In light of the foregoing, the Court should grant Shenzhou's unopposed Motion for Leave to File a First Amended Answer pursuant to Federal Rule of Civil Procedure 15(a)(2).

K&L GATES LLP

Dated: May 21, 2013

By: /s/ *Timothy P. Walker*
Timothy P. Walker
timothy.walker@klgates.com
L. Howard Chen
howard.chen@klgates.com
Harold H. Davis, Jr.
harold.davis@klgates.com
Jas Dhillon
jas.dhillon@klgates.com
Matthew B. O'Hanlon
matthew.ohanlon@klgates.com

Attorneys for Defendant and Counterclaimant Shenzhou Biology and Technology Co., Ltd.

8
NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER;
Case No. CV-11-02389-MRP-SS