Lei Mei (SBN 240104)
Email: mei@meimark.com
Reece Nienstadt (SBN 262411)
Email: rnienstadt@meimark.com
MEI & MARK LLP
P.O. Box 65981
Washington, DC 20035-5981
Telephone:  888-860-5678
Facsimile:   888-706-1173
[Additional counsel listed on signature page]

*Counsel for Defendants Xiamen Kingdomway Group Company
and Pacific Rainbow International Inc.*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| KANEKA CORPORATION, a Japanese corporation, | ) ) | Case No.: 2:11-cv-02389-MRP-SS |
| Plaintiff, | ) ) ) | **XKGC'S AND PRI'S OPPOSITION TO KANEKA'S AND MGC'S REQUEST FOR DISMISSAL OF MGC FROM THIS ACTION** |
| v. | ) ) ) | |
| ZHEJIANG MEDICINE CO., LTD., a Chinese corporation, ZMC-USA, L.L.C., a Texas corporation, XIAMEN KINGDOMWAY GROUP COMPANY, a Chinese corporation, PACIFIC RAINBOW INTERNATIONAL INC., a California corporation, MITSUBISHI GAS CHEMICAL COMPANY, INC., a Japanese corporation, MAYPRO INDUSTRIES, INC., a New York corporation, and SHENZHOU BIOLOGY & TECHNOLOGY CO., LTD., a Chinese corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Hon. Mariana R. Pfaelzer  [DEMAND FOR JURY TRIAL] |
| Defendants. | ) ) | |

Defendants Xiamen Kingdomway Group Company ("XKGC") and Pacific Rainbow International Inc. ("PRI") oppose Kaneka Corporation's ("Kaneka") and Mitsubishi Gas Chemical Company, Inc.'s ("MGC") request for an order dismissing MGC with prejudice, and styled as "Stipulated Settlement and Dismissal Between Kaneka Corporation and Mitsubishi Gas Chemical Company Inc." (ECF Doc. #104). XKGC and PRI respectfully ask the Court to condition dismissal of MGC on MGC's stipulation to the Protective Order that was previously stipulated to by all of the other parties and entered on May 14, 2013 (ECF Doc. #97), thereby allowing XKGC and PRI to access and use all discovery and other documents from the related ITC proceeding that contains MGC's confidential information.

## INTRODUCTION

As this Court is aware, the parties in this action litigated substantially the same issues in a now-terminated investigation before the U.S. International Trade Commission, *Certain Coenzyme Q10 Products and Methods for Making Same*, Inv. No. 337-TA-790 ("the ITC proceeding"). Accordingly, the remaining parties have sought to use all discovery taken, and documents used, in the ITC proceeding as though it had been taken in this action. This discovery and documentation includes confidential business information of the parties, including MGC, and third-party suppliers.

However, certain attorneys of record in this action were newly appointed to represent certain parties after the termination of the ITC proceeding. In the ITC proceeding, the parties had agreed to a protective order, which was and continues to be enforceable against those attorneys who appeared in the ITC proceeding. Since the ITC proceeding has been terminated, however, the newly appointed attorneys cannot subject themselves to the ITC's protective order in order to have access to all of the discovery and documentation from the ITC proceeding. Accordingly, all of the parties — with the exception of MGC — entered into an

XKGC'S AND PRI'S OPPOSITION TO KANEKA'S AND MGC'S
REQUEST FOR DISMISSAL OF MGC FROM THIS ACTION
CASE NO. 2:11-cv-02389-MRP-SS

agreement whereby they would stipulate to a Protective Order in this Court. In addition to the terms of the Protective Order that require confidential treatment of the parties' confidential information in this case, each party would give all of the other parties permission to use its confidential information from the ITC proceeding.

On May 9, 2013, all of the parties *except for MGC* stipulated to the Protective Order, which this Court entered on May 14. The Protective Order provides, *inter alia*:

> The parties hereby stipulate, subject to the terms of this Stipulated Protective Order, that (i) all discovery taken in the now-terminated investigation before the U.S. International Trade Commission, Certain Coenzyme Q10 Products and Methods for Making Same, Inv. No. 337-TA-790 ("the ITC proceeding"), may be used as though taken in this action, (ii) all confidential business information obtained in the ITC proceeding may be kept and used in this action, and (iii) documents containing all confidential business information may be transferred from ITC counsel for each party to counsel of record in this action, including local counsel and newly appointed counsel.

ECF Doc. #97 (Protective Order), ¶ 13.

On May 6, 2013, XKGC's and PRI's counsel had forwarded a draft of the Protective Order to MGC's counsel. Ex. A (Nienstadt Decl.) at ¶ 3. MGC's U.S. counsel had participated in drafting the Protective Order before MGC's settlement with Kaneka. Ex. A at ¶ 4. However, on May 6, 2013, MGC's U.S. counsel informed the other parties that, because it is settling, MGC will not sign the Protective Order. Ex. A at ¶ 5. Understanding that MGC would not stipulate to the Protective Order in its entirety, XKGC's and PRI's counsel then asked MGC's counsel if MGC would *at least* allow the parties to have access to MGC's confidential information from the ITC proceeding for the purposes of this district court proceeding, where the parties' use of MGC's confidential information is

subject to the Protective Order. Ex. A at ¶ 6. MGC later responded flatly, via its Japanese attorneys, that "MGC does not agree to let the parties use the CBI [(confidential business information)] of MGC from the ITC proceeding." Ex. A at ¶ 7. XKGC's and PRI's counsel raised this issue at the hearing on May 7, 2013. Ex. A at ¶ 8. On May 10, XKGC's and PRI's counsel once again emailed MGC's U.S. counsel, stating that "we will seek leave of court to obtain discovery from MGC before MGC can be dismissed from this district court case," and asking for MGC's position on the matter. Ex. B; Ex. A at ¶¶ 9, 10. MGC's counsel did not respond. Ex. A at ¶ 9.

## ARGUMENT

MGC "may be dismissed at the plaintiff's request only by court order, *on terms that the court considers proper*." Fed. R. Civ. P. 41(a)(2) (emphasis added). Kaneka may not dismiss MGC without a court order for at least the reasons that MGC has already served its answer to Kaneka's complaint (ECF Doc. #43) and Kaneka's and MGC's stipulated dismissal is not stipulated to by all parties (but rather only Kaneka and MGC). *See* Fed. R. Civ. P. 41(a)(1)(a).

In order to mount a proper defense, XKGC and PRI need access to all documentation from the ITC proceeding, including discovery and other documents that contain MGC's confidential information. MGC has been active in the industry in question since the 1980s, and may have relevant information regarding prior art, sales of Kaneka CoQ10 products, and other relevant information. However, since all but one of XKGC's and PRI's current attorneys did not represent XKGC and PRI in the ITC proceeding, those attorneys cannot review any documents containing confidential information of MGC. Indeed, out of an overabundance of caution, XKGC's and PRI's attorneys have in practice refrained from reviewing any documents that *may potentially* contain confidential information of MGC. Since certain other parties' attorneys have access to all of the documents from the ITC proceeding, this has already prejudiced XKGC and PRI.

At minimum, MGC's dismissal from this action without its agreement to the terms of the Protective Order would entail the substantial burden of tasking the attorneys who appeared in the ITC proceeding with combing the documents from the ITC proceeding for portions of potentially confidential information from MGC and redacting them accordingly. MGC, meanwhile, has never claimed that it would be prejudiced or burdened by stipulating to the Protective Order. All of the other parties have already stipulated to the same Protective Order. Indeed, Zhejiang Medicine Co., Ltd. ("ZMC"), which was originally a party to this case but in 2011 was transferred to the Southern District of Texas, also recently provided permission for XKGC and PRI to use its confidential information from the ITC proceeding. Moreover, MGC has already produced all of the confidential information in question in the ITC proceeding, and that information would be protected similarly by the Protective Order entered in this Court.

Furthermore, the information that XKGC's and PRI's counsel need from the ITC proceeding may not be available by subpoena. If MGC is dismissed from this action, MGC may argue that it falls outside of the subpoena jurisdiction of this Court. Fed. R. Civ. P. 45(b)(2) provides that a subpoena may only be served within a certain geographical boundary or "on motion and for good cause, if a federal statute so provides." However, according to its answer to the complaint, MGC is a Japanese corporation with its principal place of business in Tokyo, Japan. Compl. at ¶ 6 (ECF Doc. #1); Answer at ¶ 6 (ECF Doc. #43). MGC may argue that MGC therefore cannot be served with a subpoena issued by this Court. Kaneka's and MGC's proposed order, meanwhile, merely gives this Court continuing jurisdiction "for the purpose of enforcing the Settlement Agreement between [Kaneka and MGC] and this Stipulated Settlement and Dismissal Order." (ECF Doc. #104-1.) In other words, after MGC has been dismissed, this Court may permanently lose jurisdiction over MGC for discovery matters.

XKGC'S AND PRI'S OPPOSITION TO KANEKA'S AND MGC'S
REQUEST FOR DISMISSAL OF MGC FROM THIS ACTION
CASE NO. 2:11-cv-02389-MRP-SS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Accordingly, XKGC and PRI ask the Court to make dismissal of MGC from this litigation contingent on MGC's stipulation to the Protective Order entered May 14, 2013 (ECF Doc. #97). Specifically, XKGC and PRI ask the Court to require Kaneka and MGC to add, to their "Stipulated Settlement and Dismissal," a fifth term stating, "5. That MGC stipulates to the Stipulated Protective Order entered by the Court on May 14, 2013 (ECF Doc. #97)."

Dated: June 3, 2013                MEI & MARK LLP

                                   /s/ Reece Nienstadt

                                   ───────────────────────────
                                   Reece Nienstadt (SBN 262411)
                                   Email: rnienstadt@meimark.com
                                   Lei Mei (SBN 240104)
                                   Email: mei@meimark.com
                                   MEI & MARK LLP
                                   P.O. Box 65981
                                   Washington, DC 20035-5981
                                   Telephone:  888-860-5678
                                   Facsimile:   888-706-1173

                                   Xiang Long (SBN 246629)
                                   Email: xlong@meimark.com
                                   MEI & MARK LLP
                                   433 North Camden Drive, Suite 400
                                   Beverly Hills, CA 90210
                                   Telephone:  310-887-1366
                                   Facsimile:   310-564-2769

                                   *Counsel for Defendants*
                                   *Xiamen Kingdomway Group Company and*
                                   *Pacific Rainbow International Inc.*

XKGC'S AND PRI'S OPPOSITION TO KANEKA'S AND MGC'S
REQUEST FOR DISMISSAL OF MGC FROM THIS ACTION
CASE NO. 2:11-cv-02389-MRP-SS

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing **XKGC'S AND PRI'S OPPOSITION TO KANEKA'S AND MGC'S REQUEST FOR DISMISSAL OF MGC FROM THIS ACTION** was filed electronically, and pursuant to Civil L.R. 5-3.3, were served on all interested parties in this action (i.e., served to registered ECF recipients via ECF electronic service) on June 3, 2013.

/s/ Reece Nienstadt
_____

Reece Nienstadt