1  Edward F. Beane (admitted *pro hac vice*)
   Ebeane@kblaw.com
2  Donna E. Frosco (admitted *pro hac vice*)
   dfrosco@kblaw.com
3  Keane & Beane, P.C.
   445 Hamilton Avenue, 15th Floor
4  White Plains, New York 10601
   Phone: (914) 946-4777
5  Fax: (914) 946-6868

6  Matthew B. O'Hanlon (SBN 253648)
   matthew.ohanlon@klgates.com
7  K&L GATES LLP
   10100 Santa Monica Boulevard
8  Seventh Floor
   Los Angeles, CA 90067
9  Phone: (310) 552-5000
   Fax: (310) 552-5001
10
11 Attorneys for Defendant
   Maypro Industries, Inc.

12
13                    UNITED STATES DISTRICT COURT
14                   CENTRAL DISTRICT OF CALIFORNIA
15                          WESTERN DIVISION

| | |
|---|---|
| 16  KANEKA CORPORATION, a Japanese Corporation, | Case No. CV-11-02389-MRP-SS |
| 17              Plaintiff, | **DEFENDANT MAYPRO INDUSTRIES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT** |
| 18        v. | |
| 19  ZHEJIANG MEDICINE CO., LTD., a Chinese Corporation, ZMC-USA, L.L.C., a Texas Corporation, XIAMEN KINGDOMWAY GROUP COMPANY, a Chinese Corporation, PACIFIC RAINBOW INTERNATIONAL INC., a California Corporation, MITSUBISHI GAS CHEMICAL COMPANY, INC., a Japanese Corporation, MAYPRO INDUSTRIES, INC., a New York Corporation, and SHENZHOU BIOLOGY & TECHNOLOGY CO., LTD., a Chinese Corporation, | Date:      June 24, 2013<br>Time:      11:00 a.m.<br>Courtroom: 12 |
| 26              Defendants. | |

27
28

## I. INTRODUCTION

Defendant Maypro Industries, Inc. ("Maypro") by its attorneys, Keane & Beane, P.C., respectfully submits this Memorandum of Points and Authorities in opposition to that portion of Kaneka Corporation's ("Kaneka") Motion for Leave to Amend its Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) which seeks to add new claims to this lawsuit for infringement of its '340 Patent, against Maypro Industries, LLC[1] related to alleged distribution of CoEnzyme Q10 manufactured by Defendant Shenzhou Biology and Technology Co., Ltd. ("SBTC")  This Court should deny Kaneka leave to amend its Complaint to add these new claims because (1) Kaneka's proposed amendment is futile; (2) permitting this amendment will cause undue prejudice to Maypro, and; (3) Kaneka unduly delayed in asserting its claims and allowing Kaneka's amendment will create even further undue delay.

Kaneka acquired knowledge of the claims it now wishes to assert in this matter, at the latest, on or about June 1, 2011, yet chose to wait almost two (2) years to assert such claims.  Kaneka asserted almost identical claims in a complaint to the United States International Trade Commission ("ITC") dated June 17, 2011.  Thereafter, Kaneka prosecuted such claims against Maypro for more than one year in the exhaustive and extraordinarily expensive ITC proceeding.  During such proceeding, the parties engaged in extensive discovery.  Thereafter, at the beginning of trial of the ITC proceeding on July 9, 2012, Kaneka stipulated that no evidence existed against Maypro as to the alleged patent infringement – including allegations regarding Maypro's role as SBTC's alleged distributor.  Kaneka informed the ITC that it did not intend to put on any evidence of any wrongdoing by Maypro.  Maypro was released from the trial and, thereafter, Maypro was exonerated in the ITC's Initial Determination, which was affirmed by the ITC and not appealed by Kaneka.

---

[1] For clarity, Maypro Industries, Inc. and Maypro, LLC will be collectively referred to as "Maypro."

1

Although FRCP 15(a)(2) provides that leave to amend be freely given by the Court when justice so requires, that guideline does not mandate that leave to amend be permitted in all cases. Courts have developed criteria to be considered in determining whether, in the exercise of their discretion, leave to amend should be granted. These criteria, which are set forth in the seminal Supreme Court case of *Foreman v. Davis*, 371 U.S.178, 83 S.Ct. 227 (1962), include an examination of whether the amendment is futile, whether undue prejudice to the opposing party will result if the amendment is permitted, and whether movant has unduly delayed in seeking the amendment. Maypro asserts that futility, undue prejudice, and undue delay are all present here.

A primary criterion used by trial courts in determining whether to grant leave to amend pursuant to FRCP 15(a) is whether the opposing party, Maypro, will be unduly prejudiced by its allowance. Justice in no way requires that Kaneka now be permitted to assert new claims against Maypro involving alleged distribution of CoEnzyme Q10 manufactured by SBTC, at least two years after Kaneka first acquired knowledge of these claims and asserted them in its ITC complaint. This is especially so given that Kaneka exhaustively prosecuted the claim it now seeks to assert here against Maypro in the ITC proceeding and thereafter stipulated at trial that it had no evidence of Maypro's infringement of the '340 Patent. Indeed, given these facts, Kaneka's proposed amendment is also clearly futile. It would be an abuse of this Court's discretion to permit the proposed substantive amendment under these circumstances.

This matter alleges infringement of a process patent. However, Maypro is not a manufacturer of CoQ10, the product that is the subject of the '340 Patent. Maypro has already been forced to expend time and incur expense before the ITC to defend against the same claims Kaneka now seeks to assert here. Kaneka stipulated that after extensive discovery in the ITC proceeding, it could present no evidence of wrongdoing by Maypro. Should Kaneka's present motion to add substantive claims against Maypro relating to SBTC-manufactured CoQ10 be granted, Maypro would be subjected to substantial prejudice, not the least of which will be further substantial

expenditures to defend against these claims in a federal action three thousand miles away from its corporate offices, following a previous, fully-litigated matter in which the same claims were made by Kaneka and Kaneka stipulated that no evidence of infringement–or of any wrong doing–by Maypro existed.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Maypro respectfully refers to the Court to the Declaration of Edward F. Beane, Esq., dated June 3, 2013, and the exhibits annexed thereto, submitted concurrently herewith, for a recitation of relevant facts.  Maypro sets forth herein certain additional facts relevant to its opposition to Kaneka's motion.

Kaneka filed its original Complaint in this matter alleging infringement of the '340 Patent on or about March 22, 2011 against Zhejiang Medicine Co., Ltd., ZMC-USA, LLC (collectively "ZMC"), Xiamen Kingdomway Group Company, Pacific Rainbow International, Inc., Mitsubishi Gas Chemical Company, Inc. ("MGC"), Maypro and SBTC.  Kaneka's patent infringement claims against Maypro related only to CoEnzyme Q10 manufactured by MGC and offered for sale, sold, or used within the United States by Maypro as an alleged distributor of MGC's CoQ10.  Its Complaint did not include assertions of patent infringement against Maypro relating to CoEnzyme Q10 manufactured by SBTC or, for that matter, any other defendant. (Declaration of Edward F. Beane, Esq., dated June 3, 2013 ("Beane Decl.") at ¶ 6, Exh. 1).

Kaneka then filed a Complaint with the ITC pursuant to Section 337 of the Tariff Act of 1930 (19 U.S.C. §1337) on June 17, 2011.  (Beane Decl., ¶ 6, Exh. 2).  Its ITC complaint named the identical parties as respondents in the ITC proceeding as are named as defendants in this action, including Maypro.  Kaneka asserted that each party was infringing on its '340 patent' for CoEnzyme Q10.  Kaneka expanded its patent infringement claims against Maypro in the ITC Proceeding by including allegations in its Complaint concerning not only CoEnzyme Q10 manufactured by MGC, but separate allegations concerning CoEnzyme Q10 manufactured by SBTC.  (*Id.*, at ¶¶ 13, 38-41).

3

1    Importantly, Kaneka could have amended its Complaint in this litigation as a
2 matter of right before Maypro filed its Answer. Maypro's Answer was not filed until
3 June 23, 2011, after the date of Kaneka's ITC Complaint and thus, well after Kaneka
4 knew of its claims against Maypro involving SBTC-produced CoQ10. Kaneka chose
5 not to do so. Kaneka also chose not to seek leave to amend its complaint thereafter,
6 though it could have done so any time before initiation of the Stay of Proceedings in
7 this action.
8    On August 2, 2011, this Court stayed this action pending determination of the
9 ITC investigation (*Id.*, at ¶ 6, Exhibit 4).

10    **A.    Kaneka's ITC Stipulation – No Infringement By Maypro**

11    Between July 17, 2011 and September 12, 2012, the ITC conducted a
12 comprehensive investigation, at an extraordinarily expedited pace, of Kaneka's patent
13 infringement claims against all defendants, including Maypro. The investigation
14 included Kaneka's claims related to Maypro's alleged distribution of CoEnzyme Q10
15 manufactured by SBTC. The ITC investigation included exhaustive discovery, a trial
16 which commenced on July 9, 2012, and thereafter, the Administrative Law Judge's
17 Initial Determination on September 12, 2012, which was affirmed by the ITC on
18 December 6, 2012, and not appealed by Kaneka.
19    At the beginning of the trial before the ITC Administrative Law Judge, Kaneka
20 entered into a stipulation with Maypro to wit: "Complainants and Maypro now agree
21 that there was no evidence against Maypro and Maypro can be dismissed from the case
22 and that the Complainants do not intend to put on any evidence of any kind of
23 infringement or other wrongdoing by Maypro," (Beane Decl. at Exh. 3, 11:6-11.)
24 Kaneka, and all parties, further agreed that no evidence would be presented regarding
25 Maypro and "all the findings will be that there is no violation by Maypro." (*Id.* at pp.
26 11:25-12:1.) Counsel for Kaneka specifically confirmed this stipulation to the
27 Administrative Law Judge and this stipulation was incorporated in the Initial
28 Determination as affirmed by the ITC. (*Id.* at pp. 12:1-3.)

B. **Post-Stay Filings**

Thereafter, on January 7, 2013 and February 8, 2013, the parties filed two Joint Status Reports with the Court which included the Stipulation by Maypro that it would not object to Kaneka's moving for leave to amend its Complaint to substitute Maypro, LLC for Maypro Industries, Inc. However, Kaneka did not include in any such report a statement of intention to amend substantive claims against Maypro or Maypro LLC, especially claims related to CoEnzyme Q10 manufactured by defendant SBTC of which it has been aware for two (2) years. In addition, Kaneka reached a settlement with MGC concerning CoEnzyme Q10 manufactured by MGC and either has or is in the process of dismissing MGC from this litigation. At present, the only allegations by Kaneka against Maypro relate to Maypro's alleged role as MGC's distributor. Kaneka's omission of allegations against Maypro relating to MGC–produced product in its proposed Amended Complaint (Beane Decl. ¶ 6, Exh. 5) is its tacit admission that upon settlement with MGC, Kaneka will have no grounds to retain Maypro in this case other than by asserting a new claim against it relating to SBTC. It is therefore respectfully submitted that Kaneka's motion to add allegations against Maypro relating to SBTC product, given the history cited above, is merely a tactic to exert pressure on certain parties, including Maypro and cause Maypro to incur substantial expenses, all in the absence of likelihood of success on such claims against Maypro.

III. **JUDICIAL STANDARD**

Although courts should generally give leave to amend when justice so requires, courts should deny leave under a number of circumstances, including: (1) where amendment would be futile, *Carrico v. City and County of San Francisco*, 656 F. 3d 1002, 1008 (9th Cir. 2011) (citing *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010)); (2) where amendment would be unduly prejudicial to the opposing party, *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); and; (3) where leave is sought only after undue delay, *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F. 3d 946, 953-54 (9th Cir. 2006), or leave will create undue

1  delay, *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir.2000).  In these
2  circumstances, a court is free to deny leave and denial is reviewed only for abuse of
3  discretion.  *City of Oakland*, 627 F.3d at 1094.

## IV.  ARGUMENT

### A.  Kaneka's Proposed Amendment is Futile

After an exhaustive ITC investigation, including a thirteen month-long discovery period, Kaneka ultimately realized, conceded, and stipulated that it had no evidence of Maypro's infringement.  Indeed, Kaneka's counsel admitted that discovery in the ITC proceeding was "substantial."  (Beane Decl., ¶ 6, Exh. 6, 12:18-19).  The Court agreed that the discovery in the ITC proceeding was extensive.  (*Id.* at 21:2-5).  Further, Kaneka's counsel represented that the only discovery Kaneka would seek in these proceedings was on additional sampling and testing and on damages.  (*Id.* at 12:25-13:3, 13:10-16).

Absent new discovery, Kaneka will advance the same case against Maypro with the same evidence under the same theory of liability that it advanced in the ITC.  Kaneka ***already conceded*** that it could not prove Maypro's infringement under this theory with this evidence.  Kaneka's amendment to add the same claim it advanced against Maypro in the ITC is therefore futile in light of Kaneka's concession.  Accordingly, Kaneka's request for leave should be denied.  *Carrico*, 656 F. 3d at 1008; *see also Ellis v. Morehouse School of Medicine*, 925 F. Supp. 1529, 1550 (N.D. Ga. 1996) (leave to amend to add a new cause of action was properly denied as it would inevitably be defeated on summary judgment); *Dow v. UNUM Life Ins. Co.*, 891 F. Supp. 607, 612 (N.D. Ga. 1995) (leave to amend properly denied if amended claims would inevitably be defeated on summary judgment).

### B.  Kaneka's Proposed Amendment will Unduly Prejudice Maypro

Prejudice to the opposing party is generally the most important factor in denying leave to amend.  *Eminence Capital, LLC*, 316 F.3d at 1052.  Maypro will undeniably be prejudiced if forced to expend considerable resources to relitigate a claim that

1  Kaneka has already conceded it cannot prove. *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (recognizing that litigation expenses caused by a proposed amendment may be prejudicial in certain circumstances). Maypro invested substantial sums defending Kaneka's claims in the ITC only to have Kaneka concede and ultimately stipulate that it had no evidence of Maypro's wrongdoing. Forcing Maypro to defend against the same evidence under the same theory of liability in a federal action three thousand miles away from its corporate offices, following a previous, fully-litigated matter in which the same claims were made by Kaneka and Kaneka stipulated that there was no evidence of Maypro's infringement is highly prejudicial.

Moreover, this prejudice is pronounced by the fact that Kaneka has no legitimate justification for amending its Complaint to include a new claim against Maypro advancing a new theory of liability. First, as explained above, this claim was exhaustively litigated in the ITC, Kaneka conceded that it had no evidence of Maypro's infringement, and, ultimately, dismissed Maypro. Kaneka cannot now proceed under the same theory of liability using the same supporting evidence.

Second, Kaneka represented to this Court three separate times that it would amend its Complaint to reflect *only* the proper Maypro entity. (Beane Decl., ¶ 6, Exhibit 6, 11:5-10, 12:14-15, 19:6-11). Indeed, the Court specifically asked Kaneka if it would it was "intending to add any claims[,]" (*id.*, at 11:5-6), to which Kaneka's counsel replied, "[n]o, Your Honor. No[,]" (*id.* at 11:7). Kaneka's counsel even affirmatively confirmed that the amendment would be "[j]ust correcting the party name, Your Honor." (*Id.* at 19:10-11). Indeed, Maypro agreed not to oppose Kaneka's request for leave based on the same representation—that Kaneka would seek leave only to name the proper Maypro entity.

Now, Kaneka is acting contrary to its representation to the Court and to Maypro by attempting to add a new claim against Maypro—that Maypro is liable for direct *and indirect infringement* as *SBTC's distributor*. Although Kaneka unsuccessfully

7

advanced this claim against Mayrpo in the ITC, the only claim it advanced against Maypro in this action is that Maypro is liable for ***direct infringement*** as ***MGC's distributor***. Kaneka cannot request to amend its complaint to add this new claim after admitting that it could not prove this claim and after representing to the Court that it would not add new claims against Maypro and that the only amendment would be to "correct the party name." Kaneka made that representation to the Court and is now attempting to reverse course on its representation. Accordingly, Kaneka's request for leave should be denied.

### C. Kaneka Only Proposed its Amendment After Undue Delay and Kaneka's Amendment Will Create Further Undue Delay

Kaneka has known of its new claim against Maypro since at least June 1, 2011, yet it chose to wait almost two (2) years to assert such claims. Kaneka asserted almost identical claims in a complaint to the ITC dated June 17, 2011. (Beane Decl., ¶ 6, Exh. 2 at ¶¶ 13, 38-41). Critically, Kaneka could have amended its Complaint in this litigation as a matter of right before Maypro filed its Answer herein. Maypro's Answer was not filed until June 23, 2011, after the date of Kaneka's ITC Complaint and thus, well after Kaneka knew of its claims against Maypro involving SBTC-produced CoQ10. Kaneka chose not to do so. Kaneka also chose not to seek leave to amend its complaint thereafter, though it could have done so any time before initiation of the Stay of Proceedings. There is no excuse for Kaneka's delay in advancing its new claim against Maypro and its request should be denied.

Further, allowing Kaneka to amend will *create* undue delay in moving forward with these proceedings because it will necessitate opening discovery beyond what Kaneka represented it would seek. Kaneka must admit that the evidence discovered in the ITC was substantial, yet insufficient to establish Maypro's liability. It would therefore need to engage in additional discovery in an attempt to obtain evidence of liability. Yet, Kaneka represented to the Court that it would only seek additional discovery on sampling and testing and on damages. (Bean Decl., ¶ 6, Exh. 6, 12:25-

8

13:3, 13:10-16). Permitting Kaneka to amend its complaint would put Kaneka in an awkward position: either it must proceed with the evidence it has–knowing that the evidence is insufficient to establish Maypro's liability–or it must seek additional discovery in an effort to obtain evidence supporting liability. The latter approach will cause Kaneka to breach its representation to the Court and will ultimately result in undue delay by requiring expanded discovery. Kaneka's request should therefore be denied. *See Quaker Oats Co.*, 232 F.3d at 1295 ("a need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint.").

## V.  CONCLUSION

Based on the foregoing, the Court should deny Plaintiff's Motion for Leave to File an Amended Complaint to the extent that it seeks to add additional claims against Maypro.

Dated: June 3, 2013

By: /s/ *Matthew B. O'Hanlon*
Edward F. Beane
Ebeane@kblaw.com
Donna E. Frosco
dfrosco@kblaw.com
Keane & Beane, P.C.

Matthew B. O'Hanlon
matthew.ohanlon@klgates.com
K&L GATES LLP

Attorneys for Defendant
Maypro Industries, Inc.