Victor L. George, State Bar No. 110504
LAW OFFICES OF VICTOR L. GEORGE
20355 Hawthorne Blvd., First Floor
Torrance, CA 90503
Tel: (310) 698-0990
Fax: (310) 698-0995
E-mail: vgeorge@vgeorgelaw.com

Robert M. Bowick, Jr.
RALEY & BOWICK, LLP
1800 Augusta Drive, Suite 300
Houston, TX 77057
Tel: (713) 429-8050
Fax: (713) 429-8045
E-mail: rbowick@raleybowick.com

Keith D. Nowak
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, NY 10005
Tel: (212) 732-3200
Fax: (212) 732-3232
E-mail: nowak@clm.com

Attorneys for Plaintiff /Counter-Defendant
KANEKA CORPORATION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

---

KANEKA CORPORATION, a Japanese corporation,

              Plaintiff,

-v-

XIAMEN KINGDOMWAY GROUP COMPANY, a Chinese Corporation, PACIFIC RAINBOW INTERNATIONAL INC., a California Corporation, MITSUBISHI GAS CHEMICAL COMPANY, INC., a Japanese Corporation, MAYPRO INDUSTRIES, INC., a New York Corporation, and SHENZHOU BIOLOGY & TECHNOLOGY CO., LTD., a Chinese Corporation

              Defendants.

---

**Case No. CV 11-02389 PA (SSx)**

**PLAINTIFF'S MEMORANDUM OF LAW IN REPLY TO MAYPRO'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Hearing Date: June 24, 2013
Hearing Time: 11:00 a.m.
Courtroom: 12

Hon. Mariana R. Pfaelzer

7234516.2

INTRODUCTION

Plaintiff Kaneka Corporation respectfully submits this reply memorandum of law in further support of its Motion For Leave to Amend The Complaint pursuant to Fed. R. Civ. P. 15(a) (the "Motion") (Docket No. 102), and in response to Maypro Industries Inc.'s brief in opposition to the Motion ("Maypro Brief"), and the Declaration of Edward F. Beane ("Beane Dec.") (Docket No. 108) both dated June 3, 2013.[1]

In the Motion, Kaneka requests leave to amend the Complaint to, among other things, add claims against Maypro Industries LLC in the place of claims against Maypro Industries Inc., because Maypro Industries LLC imports and distributes CoEnzyme Q10 for defendant SBTC in violation 35 U.S.C. § 271(g), and thus it is the proper party in this action. Despite its prior representations to Kaneka and the Court that it would not oppose the Motion, Maypro now objects to the amendment on the grounds that (1) the amendment is a "new claim" of patent infringement because it alleges that Maypro imports CoEnzyme Q10 for SBTC instead of MGCC, (2) the amendment is futile because the parties stipulated to Maypro's dismissal in the ITC proceeding because there was no evidence of infringement, (3) the amendment unduly prejudices Maypro because Maypro would incur added expense defending the "same claim" of patent infringement that was asserted in the ITC proceeding, and (4) Kaneka unduly delayed bringing the Motion.

Maypro's objections to the amendment should be rejected because they are not supported by the relevant facts or applicable law. First, Kaneka's proposed amendment was previously agreed to by Maypro, as it is not a "new claim" of patent infringement. Rather, it asserts the "same claim" under 35 U.S.C. § 271(g), but against Maypro Industries LLC as the proper party and distributor for defendant SBTC. Second, Maypro's dismissal in the ITC proceedings was based on **[Redacted]**. Nowak Dec., Exhibit 1. Maypro, however, now imports and distributes

---

[1] This reply brief adopts the defined terms in the Maypro Brief and Kaneka's moving brief dated May 21, 2013 ("Kaneka Brief") (Docket No. 102). The Declaration of Keith Nowak dated June 10, 2013 ("Nowak Dec.") is also respectfully submitted with this reply.

7234516.2

CoEnzyme Q10 for SBTC (Nowak Dec., Exhibit 2), a fact that Maypro does not deny in its opposition papers. See Maypro Brief. Third, the decision in the ITC proceedings does not bar Kaneka's patent infringement claims in this action, and the fact that Maypro will incur additional litigation expense defending this case is not a sufficient ground to deny Kaneka leave to amend the Complaint. Finally, Kaneka did not delay making the Motion. The Court stayed this action pending the ITC proceedings, and Kaneka timely moved to amend the Complaint pursuant to the Court's scheduling order issued after the stay was lifted. Thus, Maypro's objections to the Motion should be rejected and the Motion should be granted.

## ARGUMENT
### I.
### KANEKA'S AMENDMENT DOES NOT ASSERT A "NEW CLAIM" OF PATENT INFRINGEMENT

Kaneka's amendment does not assert a "new claim" of patent infringement against Maypro. As Maypro concedes, the amendment makes the "same claim" that Kaneka made in the ITC proceeding, ie. that Maypro LLC imports and sells CoEnzyme Q10 into the United States in violation of 35 U.S.C. § 271(g). Maypro Brief at 6. This is the same claim made in paragraphs 24 and 25 of the Complaint. Whether Maypro imports and distributes CoEnzyme Q10 for SBTC or MGCC does not change Kaneka's claim against Maypro as an importer under 35 U.S.C. § 271(g). Indeed, the fact that Maypro now imports and distributes CoEnzyme Q10 for SBTC is not in dispute in this case. Nowak Dec., Exhibit 2.

Moreover, Maypro previously agreed to the amendment. During the hearing in this action held on May 7, 2013, Kaneka made clear to the Court and Maypro that it had settled with MGCC because MGCC no longer manufactured CoEnzyme Q10, and that it would amend the Complaint to include Maypro Industries LLC as the importer and distributor for SBTC, and not MGCC:

> **Mr. Nowak**: Mr. Bean's client, Maypro, was a distributor for [MGCC]. That will be dismissed with respect to Maypro, that

7234516.2

|   |   |
|---|---|
| 1 | claim; and we discussed that before the hearing today.  It's my |
| 2 | understanding that Maypro also was the distributor for [SBTC] |
| 3 | and, if so, we have to discuss whether Maypro can be released |
| 4 | from this case and still remain a distributor for [SBTC] or not. |
| 5 | That's a settlement discussion, Your Honor. |
| 6 | **The Court**:  And if not, you'd add them as a party? |
| 7 | **Mr. Nowak**:  Well, they are a party but it's the wrong part.  It's the |
| 8 | Inc. that's a party and it should be the LLC. |
| 9 | **The Court**:  Yes, if you change the name. |
| 10 | **Mr. Nowak**:  If you change the name, it has to be changed and I |
| 11 | have to file another motion to amend to do that; and Mr. Beane |
| 12 | said he would not object to that motion. |
| 13 | **The Court**:  Now you're not intending to add any claims? |
| 14 | **Mr. Nowak**:  No, Your Honor.  No. |
| 15 | **The Court**:  Not any other patents? |
| 16 | **Mr. Nowak**:  Not any other patents, not any other defendants, not |
| 17 | any other claims. |

Beane Dec., Exhibit 6 at 10-11.  Maypro did not object to the proposed amendment during the hearing because it had previously agreed to such an amendment.

    Maypro has now changed its position arguing that it had agreed to an amendment that would substitute Maypro Industries LLC for Maypro Industries Inc., but only as the distributor for MGCC, and not SBTC.  This makes no sense.  As a former MGCC distributor, Maypro knows that MGCC ceased manufacturing Coenzyme Q10 in March 2013.  Indeed, the parties reported to the Court that MGCC was going out of the business of manufacturing Coenzyme Q10, and that it would be dismissed from the case (Docket Nos. 90, 92).  Thus, an amendment that limits Maypro's wrongful acts to importing MGCC's products would be futile because

7234516.2

Maypro does not import such products, a fact that Maypro knew when it agreed not to oppose the Motion. If Maypro also does not import Coenzyme Q10 for SBTC (something not mentioned in Maypro's Brief), it need only say so, as it did in the ITC proceeding (see discussion below), and Kaneka will agree to dismiss Maypro in this case.[2] Maypro cannot make such a statement because it is importing the accused products for SBTC. Nowak Dec., Exhibit 2.

## II.
## THE AMENDMENT IS NOT FUTILE

Maypro argues that the amendment is futile because Kaneka cannot prove that Maypro infringed its patent. In support of this argument, Maypro points to the fact that Kaneka has already stipulated in the ITC proceeding that there is no evidence of infringement by Maypro, and that Kaneka has limited discovery in this action to taking and testing new samples of CoEnzyme Q10 and damages. Thus, according to Maypro, Kaneka cannot present any evidence of Maypro's infringement in this action and the amendment is futile. Maypro Brief at 6.

Maypro's argument, however, ignores the fact that **[Redacted]**. Nowak Dec., Exhibit 1. Kaneka agreed to dismiss Maypro from the ITC proceeding only because **[Redacted]**. Thus, the stipulation dismissing Maypro in the ITC proceeding was not based on Kaneka's inability to present evidence of infringement (as implied by Maypro), **[Redacted]**. Maypro, however, now imports the accused product for SBTC (Nowak Dec., Exhibit 2), and thus Kaneka can prove Maypro's infringement under 35 U.S.C. § 271(g).

While it is true that discovery from Maypro will be limited, as Maypro is not a manufacturer, Kaneka will seek discovery from Maypro regarding damages, which will further

---

[2] A claim of infringement under 35 USC § 271(g) is limited to the "importer" of the accused product. Pfizer Inc. v. Aceto Corporation et al., 833,F.Supp 104, 105-106 (S.D.NY, 1994). Based on current information (see Nowak Dec., Exhibit 2), Maypro is a direct infringer as the importer for SBTC and SBTC is an infringer under 35 USC §§ 271 (a) or (b). Should Maypro be dismissed from this case, Kaneka reserves the right to add another SBTC distributor to the action.

7234516.2

establish that Maypro imports CoEnzyme Q10 for SBTC.[3] For example, Kaneka will request Maypro's import and sales records, which will establish both damages and the fact that Maypro imports the accused product for SBTC. Thus, Kaneka can present evidence of Maypro's infringement in this action and the amendment is not futile.

### III.
### MAYPRO IS NOT PREJUDICED BY THE AMENDMENT

Maypro claims it will "be prejudiced if forced to expend considerable resources to re-litigate a claim that Kaneka has already conceded it cannot prove".[4] Maypro Brief at 6. As discussed above, Kaneka can prove patent infringement by Maypro. With respect to any additional litigation expenses incurred by Maypro in this action, it is well established that additional litigation expense does not constitute substantial prejudice so as to deny leave to amend a complaint. See Lifescan, Inc. v. Shasta Technologies, 2012 WL 604897 (N.D. Cal. Dec. 5, 2012) (rejecting argument that leave to amend patent infringement complaint should be denied because it would "drive up the cost of litigation."); Qualcomm v. Motorola, 989 F.Supp. 1048 (S.D. Cal. 1997) (holding increased litigation costs from amendment were insufficient to establish substantial prejudice); Padilla v. Sears, Roebuck & Co., 2012 WL 5505071 (N.D. Cal. Nov. 13, 2012) (recognizing that while amendments might result in increased cost, additional cost did not amount to undue prejudice). Thus, Maypro is not prejudiced by the amendment and the Motion should be granted.

---

[3] During the Status Conference on May 7, 2013, the Court asked Kaneka's counsel what additional discovery Kaneka needed in addition to the discovery taken in the ITC. The Court: "Well, tell me what other discovery you are thinking...."; Mr. Nowak: "As far as Kaneka is concerned, the only discovery I'm talking about is to take a sample and test it so the test is absolutely bulletproof and reliable. That's what I am interested in." Beane Dec., Exhibit 6 at 12-13. As Maypro is not a manufacturer, this statement could not apply to Maypro. Kaneka's counsel also stated that Kaneka would need damages discovery. Beane Dec., Exhibit 6 at 13-16). Kaneka's discovery must also of course address any new claims made by defendants in this litigation.

[4] Maypro claims it will expend considerable resources defending any claim by Kaneka. As Maypro has a statutory indemnity from SBTC for any claim of patent infringement under Section 2-312 of the Uniform Commercial Code, it is questionable what expenses Maypro will actually incur.

7234516.2

## IV.
## KANEKA DID NOT DELAY IN MAKING A CLAIM AGAINST MAYPRO LLC

Finally, Maypro alleges that Kaneka knew of its "new" claim against Maypro LLC at least as early as June 2011, could have asserted the claim even before Maypro filed an Answer, and thus Kaneka's Motion to Amend should be denied for undue delay. A chronological review of the facts tell a different story. The Complaint Kaneka filed with the ITC on June 17, 2011, named Maypro Industries Inc. as a Respondent, not Maypro LLC. It was not until December 22, 2011 that the ITC Complaint was amended to replace Maypro Industries Inc. with Maypro Industries LLC. Beane Dec., Exhibit 2. As this case was stayed on August 2, 2011, it was not possible for Kaneka to add Maypro LLC to this case at the time it learned that Maypro LLC was the correct defendant.

After the ITC proceeding, the stay was lifted and Kaneka promptly informed the Court in a joint status report to the Court (Docket No. 79) that it intended to amend its Complaint to add Maypro LLC as a defendant. Kaneka then timely filed its Motion to Amend pursuant to the Court's Scheduling Order. This cannot be considered undue delay in filing the Motion. Moreover, contrary to Maypro's assertions, there will be no delay from further discovery in this action. As stated above, any discovery of Maypro by Kaneka will be limited and simple, causing no delay, much less undue delay. In addition, of course, Maypro does not describe how it has been prejudiced by the alleged delay, other than to claim that it will need to pay legal fees. This is not a valid basis for alleged prejudice, as described above. Thus, the motion should be granted.

## CONCLUSION

Maypro provides no reasonable or rational basis for opposing Kaeka's Motion to Amend. Kaneka has not added any new claim against Maypro LLC, but amended the Complaint to add the same claim for infringement included in the original Complaint. That claim for infringement

7

7234516.2


is independent of the company for which Maypro is distributing the accused products. Maypro has not demonstrated any prejudice and Kaneka did not delay in bringing its claim against Maypro LLC. Kaneka therefore respectfully requests that its Motion to Amend be granted.

Respectfully Submitted,

/s/ Victor L. George
/s/ Wayne C. Smith
Victor L. George and Wayne C. Smith,
Law Offices of Victor L. George
20355 Hawthorne Blvd., First Floor
Torrance, CA 90503
Tel: (310) 698-0990
Fax: (310) 698-0995
E-mail: vgeorge@vgeorgelaw.com
         wsmith@vgeorgelaw.com

/s/ Keith D. Nowak
Keith D. Nowak, Esq.
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, NY 10005
Tel: (212) 732-3200
Fax: (212) 732-3232
E-mail: nowak@clm.com

/s/ Robert M. Bowick Jr.
Robert M. Bowick Jr.
RALEY & BOWICK, LLP
1800 Augusta Drive, STE 300
Houston, Texas 77057
Tel: (713) 429-8050
Fax: (713) 429-8045
E-mail: rbowick@raleybowick.com
*Counsel for Kaneka Corporation*

7234516.2

**CERTIFICATE OF SERVICE**

It is certified that on the 10th of June, 2013, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send notification of such a filing to all attorneys of record.

LAW OFFICES OF VICTOR L. GEORGE
By: /s/ Victor L. George
By: /s/ Wayne C. Smith
Victor L. George, Esq.
Wayne C. Smith, Esq.
20355 Hawthorne Blvd., First Floor
Torrance, CA 90503
Tel: (310) 698-0990
Fax: (310) 698-0995
E-mail: vgeorge@vgeorgelaw.com
       wsmith@vgeorgelaw.com

CARTER LEDYARD & MILBURN, LLP
By: /s/ Keith D. Nowak
Keith D. Nowak, Esq.
2 Wall Street
New York, NY 10005
Tel: (212) 732-3200
Fax: (212) 732-3232
E-mail: nowak@clm.com

RALEY & BOWICK, LLP
/s/ Robert M. Bowick Jr.
Robert M. Bowick Jr.
1800 Augusta Drive, STE 300
Houston, Texas 77057
Tel: (713) 429-8050
Fax: (713) 429-8045
E-mail: rbowick@raleybowick.com

*Counsel for Kaneka Corporation*

7234516.2