
Victor L. George, State Bar No. 110504
LAW OFFICES OF VICTOR L. GEORGE
20355 Hawthorne Blvd., First Floor
Torrance, CA 90503
Tel: (310) 698-0990
Fax: (310) 698-0995
E-mail: vgeorge@vgeorgelaw.com

Keith D. Nowak (*Pro Hac Vice)*
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, NY 10005
Tel: (212) 732-3200601
Fax: (212) 732-3232
E-mail: nowak@clm.com

Attorneys for Plaintiff /Counter-Defendant
KANEKA CORPORATION

Michael M. Rosen, State Bar No. 230964
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130-2081
Tel: (858) 678-5070
Fax: (858) 678-5099
E-mail: rosen@fr.com

John B. Pegram (*Pro Hac Vice*)
John T. Johnson (*Pro Hac Vice*)
FISH & RICHARDSON P.C.
Citigroup Center – 52nd Floor
Lexington Avenue, 52nd Floor
New York, NY 10022
Telephone: (212) 765-5070
Facsimile: (212) 258-2291
E-mail: pegram@fr.com
jjohnson@fr.com

Attorneys for Defendant,
MITSUBISHI GAS CHEMICAL
COMPANY, INC.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

KANEKA CORPORATION, a Japanese corporation,

Plaintiff,

-*v*-

XIAMEN KINGDOMWAY GROUP COMPANY, a Chinese Corporation, PACIFIC RAINBOW INTERNATIONAL INC., a California Corporation, MITSUBISHI GAS CHEMICAL COMPANY, INC., a Japanese Corporation, MAYPRO INDUSTRIES, INC., a New York Corporation, and SHENZHOU BIOLOGY & TECHNOLOGY CO., LTD., a Chinese Corporation

Defendants.

**Case No. CV 11-02389 MRP (SSx)**

**JOINT REPLY TO OPPOSITION TO DISMISSAL OF MITSUBISHI GAS CHEMICAL COMPANY, INC.**

Hearing Date: June 24, 2013
Hearing Time: 11:00 a.m.
Courtroom: 12

Hon. Mariana R. Pfaelzer

## INTRODUCTION

Plaintiff Kaneka Corporation ("Kaneka") and Defendant Mitsubishi Gas Chemical Company, Inc. ("MGC") each object to the Opposition by three of the remaining Defendants to dismissal of MGC, because Kaneka and MGC have settled their entire dispute and are entitled to dismissal of MGC, without conditions based on unrelated party concerns.[1] MGC further specifically objects to the condition that the opposers seek to impose on MGC's dismissal, which would permit those Defendants to retain and use in this action all of the Confidential Business Information ("CBI") obtained from MGC in the parallel ITC proceeding, rather than returning or destroying it as required by the ITC Protective Order. MGC does not want to incur the burdens of continued involvement in this litigation to oversee use of its CBI outside of the ITC record.

Because Kaneka and MGC have settled their dispute, there no longer is a case or controversy that would permit this Court to grant the Opposition. Further, the opposers have neither demonstrated their standing to oppose dismissal of MGC nor have they carried their burdens to justify imposing the requested condition on MGC's dismissal.

## CHRONOLOGICAL STATEMENT OF FACTS

The Complaint in this action asserts infringement by each Defendant of Kaneka's patent. (Document 1). The only relationship in the Complaint between MGC and the Defendants who oppose its dismissal is their joinder in a single action, contrary to F.R.Civ.P. 20(a)(2) (requiring same transaction or occurrence). MGC answered (Document 43), *inter alia*, pleading lack of personal jurisdiction and noninfringement. The U.S. International Trade Commission ("ITC") initiated an investigation of infringement of the same patent and this action was stayed pending conclusion of the ITC investigation. (Documents 59-61; *see* Pegram Dec., ¶ 7).

The ITC entered a Protective Order providing for the designation of documents and information by producing parties as CBI. The Protective Order expressly requires the return or destruction of CBI of other parties upon final termination of the investigation. The Protective

[1] The Declaration of John B. Pegram dated June 13, 2013 ("Pegram Dec.") is also submitted with this joint reply.

Order also acknowledges that confidential business information held by the ITC may be transmitted to a district court pursuant to Commission Rule 210.5(c). (Exhibit A, see Pegram Dec., ¶¶ 8-14).

In response to discovery by Kaneka, MGC provided extensive production of CBI documents and information, including deposition testimony, primarily relating to MGC's process accused of infringing the patent's process claims and related MGC equipment, all used only in Japan. (*See* Pegram Dec., ¶¶ 16-17).

Both the Initial Determination by ITC Administrative Law Judge Rogers and the Commission's Final Determination, *inter alia*, found that MGC had not infringed Kaneka's patent. None of the parties to the ITC proceeding appealed the Final ITC decision to the Federal Circuit by the cutoff date of February 6, 2013. (*See* Document 79; Pegram Dec., ¶ 23). Therefore, the duty under the ITC Protective Order to return or destroy CBI, unless the producing party consented to its retention, was effective as of that date.

Between the ITC's Initial and Final Determinations, on October 2, 2012, MGC announced that it was discontinuing its CoQ10 business, which had become unprofitable because of overcapacity in the industry. (*See* Pegram Dec., ¶¶ 20-21).

The settlement negotiations between Kaneka and MGC have been known to the parties since at least as early as February 8, 2013. (*See* Document 79, p. 2; see Pegram Dec., ¶¶ 23-26). The Notice of Settlement, filed on May 3, 2013, states, *inter alia*, that Kaneka and MGC have agreed to settle this matter and that agreement has been reached on all substantive issues. (Document 90). MGC refused to sign the Stipulated Protective Order in this action, the provisions of which the Opposition seeks to impose on MGC, on May 6, 2013, saying "MGC is settling out of the case and will not be signing the Protective Order." (Exhibit E; *see* Pegram Dec., ¶ 28).

**I.**
**THIS COURT LACKS JURISDICTION**
**TO CONSIDER THE OPPOSITION TO DISMISSAL OF MGC**

This Court lacks jurisdiction to consider the Opposition to dismissal of MGC. The jurisdiction of federal courts is confined to "cases" or "controversies." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 57 S.Ct. 461 (1937). The sole, relevant case or controversy in this civil action was between Kaneka and MGC, which included a dispute over this court's jurisdiction. That ended with their settlement, which was completed. Any case or controversy previously existing between the parties is moot after complete settlement. *See Lake Coal Co. v. Roberts & Schaefer Co.*, 474 U.S. 120, 106 S.Ct. 553 (1985) (*per curiam*).

The Defendants opposing dismissal were not parties to Kaneka's dispute with MGC. No case or controversy has been pled between any of them and MGC. There were no discovery requests in this action directed to MGC. (Pegram Dec., ¶ 28). The Opposition fails to show that those other Defendants have the necessary standing to object to or impose conditions on the dismissal. *Cf. Spine Solutions, Inc. v. Medtronic Sofamor Danek USA, Inc.*, 620 F.3d 1305, 1317 (Fed. Cir. 2010) ("The question of standing to sue is a jurisdictional one" and "[t]he party bringing the action bears the burden of establishing that it has standing.")

**II.**
**THE OPPOSITION FAILS TO JUSTIFY THE RELIEF SOUGHT**

The real purpose of the Opposition is an attempt to overrule the provisions of the ITC Protective Order, requiring the other parties to return or destroy MGC's CBI in their possession at the termination of the ITC proceeding. There is no dispute that the documents and information MGC designated as CBI are entitled to protection as such under the ITC Protective Order. The Opposition does not cite any statute, rule or other legal authority permitting other parties to retain and use MGC's CBI in this case. The opposing Defendants had the burden of demonstrating a legal basis for the relief they seek. MGC, which wants to end its involvement in this litigation, is not required to set up straw man legal arguments on behalf of the Opposition, and then knock

them down. This court is not required to search for applicable law to justify the request in the Opposition.

MGC's principal objection is to the breadth of the requested retention and use of its CBI, which goes far beyond the ITC record. The Opposition fails to support its assertion that "In order to mount a proper defense, XKGC and PRI need access to all documentation from the ITC proceeding…." (Document 106, p. 3, emphasis added). The only justification offered, that MGC "may have relevant information," does not suffice to justify this request. It is a mere fishing expedition. In the words of Rule 26(b)(1), the request is not "reasonably calculated to lead to the discovery of admissible evidence."

Most of the documents and information produced by MGC relate to its manufacture of CoQ10 in Japan, which Kaneka sought in its effort to prove infringement. The Opposition fails to show—for example—how MGC's activity that the ITC concluded was noninfringing or that prior MGC activity in Japan is relevant to this litigation. (*See, e.g.*, 35 U.S.C. § 102(a)-(b), requiring that evidence of prior knowledge, use or sale be "in this country" to be prior art). (*See* Pegram Dec., ¶ 31).

MGC relied on the most pertinent of its relevant CBI in the ITC proceeding (Pegram Dec., ¶¶ 18-19), which is available for use in this action as permitted by 28 U.S.C. § 1659(b) and the Commission's rule, 17 C.F.R. § 210.5(c) ("confidential business information may be transmitted to a district court and be admissible in a civil action, subject to such protective order as the district court determines necessary…."). (*See* Pegram Dec., ¶¶ 10-14). The Opposition to dismissal of MGC fails to show why the opposing Defendants apparently have not initiated a 17 C.F.R. § 210.5(c) transmittal or why that record would be inadequate. (Pegram Dec., ¶¶ 13-14). As a courtesy, and not as a condition of dismissal, MGC is willing to enter into a separate agreement consenting to retention and use by counsel now of record for the remaining parties to this action of those documents and that information made of record in the ITC proceeding (*i.e.* those documents that the ITC would transmit to this court) and to their incidentally reading MGC's CBI while reviewing such documents, and drafts and correspondence containing MGC

CBI that was produced in the ITC proceeding, subject to the third party document provisions in the Protective Order in this action (Document 97), on the condition that the remaining parties return or destroy all other documents and information in accordance with the ITC Protective Order, including but not limited to all documents produced by MGC and containing its CBI that are not in the ITC record.

The Opposition asserts that counsel for XKGC and PRI would be burdened, at least in part because those parties have changed counsel since the ITC investigation. We suggest that any burden incurred as a result of that change should be borne by those parties. The Opposition also expresses concern that XKGC and PRI already have been prejudiced, because certain "other parties' attorneys have access to all of the documents from the ITC proceeding…." They should have no such concern, because the ITC Protective Order is equally applicable to all parties, who may not retain or use CBI from the ITC investigation without the consent of the producing party.

The Opposition also expresses concern that "after MGC has been dismissed, this Court may lose jurisdiction over MGC for discovery matters." (Page 4). The Opposition, however, has not shown any real need for such discovery, or any legal basis or reason why MGC should be subject to party discovery after it is dismissed from this civil action.

**CONCLUSION**

The Opposition should be rejected and MGC should be dismissed without the conditions requested by the opposers.

Dated: June 13, 2013

Respectfully Submitted,

/s/ Michael M. Rosen
Michael M. Rosen
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130-2081
Tel: (858) 678-5070
Fax: (858) 678-5099
E-mail: rosen@fr.com

/s/ John B. Pegram
John B. Pegram
FISH & RICHARDSON P.C.
Citigroup Center – 52nd Floor
601 Lexington Avenue, 52nd Floor
New York, NY 10022
Tel: (212) 765-5070
Fax: (212) 258-2291
E-mail: pegram@fr.com

Attorneys for Defendant,
MITSUBISHI GAS CHEMICAL
COMPANY, INC.

/s/ Victor L. George
/s/Wayne C. Smith
Victor L. George and Wayne C. Smith,
Law Offices of Victor L. George
20355 Hawthorne Blvd., First Floor
Torrance, CA 90503
Tel: (310) 698-0990
Fax: (310) 698-0995
E-mail: vgeorge@vgeorgelaw.com
wsmith@vgeorgelaw.com

/s/ Keith D. Nowak
Keith D. Nowak
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, NY 10005
Tel: (212) 732-3200
Fax: (212) 732-3232
E-mail: nowak@clm.com

Attorneys for Plaintiff /Counter-Defendant
KANEKA CORPORATION

**CERTIFICATE OF SERVICE**

It is certified that on the 13th of June, 2013, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send notification of such a filing to all attorneys of record.

/s/ Keith D. Nowak
Keith D. Nowak, Esq.
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, NY 10005
Tel: (212) 732-3200
Fax: (212) 732-3232
E-mail: nowak@clm.com