1   Michael M. Rosen, State Bar No. 230964
    FISH & RICHARDSON P.C.
2   12390 El Camino Real
    San Diego, CA 92130-2081
3   Tel:  (858) 678-5070
4   Fax:  (858) 678-5099
    E-mail: rosen@fr.com
5
6   John B. Pegram (*Pro Hac Vice*)
    John T. Johnson (*Pro Hac Vice*)
7   FISH & RICHARDSON P.C.
    Citigroup Center – 52nd Floor
8   601 Lexington Avenue, 52nd Floor
    New York, NY 10022
9   Telephone:  (212) 765-5070
    Facsimile:  (212) 258-2291
10  E-mail: pegram@fr.com
11          jjohnson@fr.com

12  Attorneys for Defendant,
    MITSUBISHI GAS CHEMICAL COMPANY, INC.
13  a Japanese Corporation,

14              UNITED STATES DISTRICT COURT
                CENTRAL DISTRICT OF CALIFORNIA
15  -------------------------------------------------------X
16  KANEKA CORPORATION, a Japanese          :
    corporation,                            :
17                                          :
                    Plaintiff,              :  **Case No. CV 11-02389 MRP (SSx)**
18                                          :
19              -*v*-                        :
                                            :  **DECLARATION OF JOHN B.**
20  XIAMEN KINGDOMWAY GROUP                 :  **PEGRAM IN SUPPORT OF JOINT**
    COMPANY, a Chinese Corporation, PACIFIC :  **REPLY TO OPPOSITION TO**
21  RAINBOW INTERNATIONAL INC., a           :  **DISMISSAL OF MITSUBISHI GAS**
    California Corporation, MITSUBISHI GAS  :  **CHEMICAL COMPANY, INC.**
22  CHEMICAL COMPANY, INC., a Japanese      :
    Corporation, MAYPRO INDUSTRIES, INC., a :  Hearing Date: June 24, 2013
23  New York Corporation, and SHENZHOU      :  Hearing Time: 11:00 a.m.
    BIOLOGY & TECHNOLOGY CO., LTD., a       :  Courtroom: 12
24  Chinese Corporation                     :
25                                          :  Hon. Mariana R. Pfaelzer
                    Defendants.             :
26  -------------------------------------------------------X

7235627.1

1    JOHN B. PEGRAM declares:

2    1.   I am a member of the bar of the State of New York, admitted *pro hac vice* in this

3    civil action, and lead counsel for Defendant Mitsubishi Gas Chemical Co., Inc. ("MGC").

4    2.   I also was lead counsel for MGC as a Respondent in the parallel investigation by the

5    United States International Trade Commission ("ITC"), Investigation No. 337-TA-790, which

6    involved the same patent and substantially the same accusations of infringement as this action.

7    3.   I make this Declaration in reply to the opposition by certain other defendants in this

8    action to the dismissal of MGC as a party, requested by Plaintiff Kaneka Corporation ("Kaneka")

9    and MGC on May 31, 2013. (Document 104).

10   4.   The Complaint in this action for infringement of Kaneka's patent was filed March

11   22, 2011. (Document 1). It asserts separate causes for infringement of Kaneka's patent against

12   each Defendant. On June 23, 2011, MGC answered (Document 43), *inter alia*, pleading lack of

13   personal jurisdiction and non-infringement of the '340 Patent.

14   5.   The Defendants opposing dismissal were not parties to Kaneka's dispute with MGC.

15   No case or controversy has been pled between any of them and MGC.

16   6.   The ITC initiated its investigation of infringement of the patent on July 14, 2011.

17   7.   This district court civil action was stayed pending conclusion of the ITC

18   investigation by Orders dated August 2 and 3, 2013. (Documents 59-61).

19   8.   Order No. 1 in the ITC investigation is a Protective Order. Exhibit A attached hereto

20   is a true copy of that Protective Order.

21   9.   The ITC Protective Order provides for the designation of documents and information

22   by producing parties as "Confidential Business Information" ("CBI"). It also expressly requires

23   the return or destruction of CBI of other parties upon final termination of the investigation. (*See*

24   Exhibit A, ¶ 14).

25   10.  The ITC Protective Order states that "confidential business information may be

26   transmitted to a district court pursuant to Commission Rule 210.5(c)."

     11.  That rule, 19 C.F.R. §210.5(c), states that:

1

1          confidential business information may be transmitted to a district

2          court and be admissible in a civil action, subject to such protective

3          order as the district court determines necessary, pursuant to 28

4          U.S.C. 1659.

5      12.  Section 1659 of Title 28 U.S.C. provides that after dissolution of a stay of district

6  court proceedings during an ITC investigation:

7          the record of the proceeding before the United States International

8          Trade Commission shall be transmitted to the district court and

9          shall be admissible in the civil action, subject to such protective

10          order as the district court determines necessary, to the extent

11          permitted under the Federal Rules of Evidence and the Federal

12          Rules of Civil Procedure.

13      13.  Upon information and belief, based on my experience in ITC proceedings and

14  consultation with experienced colleagues, a request must be made to the ITC for transmission of

15  its record to a district court.

16      14.  Upon information and belief, the ITC has not been requested to transmit the record

17  of ITC Investigation No. 337-TA-790 to this court pursuant to 17 C.F.R. § 210.5(c) and 28

18  U.S.C. 1659 . The basis for my belief is that I have not been served with a copy such a request

19  and, if such a request had been made, I should have been served with a copy.

20      15.  All claims of Kaneka's patent-in-suit are manufacturing process claims.

21      16.  All MGC activity accused of infringing those patent claims took place in Japan.

22      17.  During the ITC investigation, in response to discovery by Kaneka, MGC provided

23  extensive production of documents and information from Japan, including deposition testimony,

24  primarily relating to MGC's process that Kaneka had accused of infringing its patent and related

25  MGC equipment, which MGC designated as containing CBI subject to the ITC Protective

26  Order,.

18. At trial in the ITC, MGC relied on what I considered the most relevant of its CBI relating to prior art activity of Kaneka, which can be obtained for use in this action as a part of the ITC record, pursuant to 28 U.S.C. § 1659(b) and the Commission's rule, 17 C.F.R. § 210.5(c).

19. MGC did not rely at trial on its own prior activity in Japan, because—unlike evidence of Kaneka's prior activity in Japan, which was admissible in connection with a forfeiture argument—U.S. patent law (35 U.S.C. § 102(a) & (b)) requires that evidence of prior knowledge, use or sale be in this country in order to be effective as prior art.

20. The Initial Determination by ITC Administrative Law Judge Rogers, dated September 27, 2012, *inter alia*, found that MGC had not infringed Kaneka's patent. (*See* Exhibit C, p. 1).

21. MGC announced on October 2, 2012 that it was discontinuing its CoQ10 business, which had become unprofitable because of overcapacity in the industry. Exhibit B attached hereto is a true copy of MGC's English language announcement. .

22. On November 29, 2012, the ITC issued its Final Determination Opinion, *inter alia*, determining that MGC had not infringed Kaneka's patent. Exhibit C attached hereto is a true copy of the public version of that document.

23. As previously reported to this court, none of the parties to the ITC proceeding appealed the Final ITC decision to Federal Circuit by the cutoff date of February 6, 2013. (*See* Document 79, p. 2).

24. All parties have been aware of the existence of settlement negotiations between Kaneka and MGC since at least as early as February 8, 2013, when those negotiations were mentioned in the Second Joint Status Report. (Document 79, p. 2).

25. On March 6, 2013, MGC's counsel informed counsel for other defendants:

> Kaneka and MGC have a Confidential agreement in principle to
> settle their CoQ10 dispute. Therefore, we will not be further

7235627.1

participating in CIG [Common Interest Group] discussions (unless

the settlement falls through).

(Exhibit D attached hereto is a true copy of that message).

26.  On May 3, 2013, a Notice of Settlement between Kaneka and MGC was filed in this court. (Document 90). It states, *inter alia*:

> Please take notice that plaintiff Kaneka Corporation ("Kaneka")
> and defendant Mitsubishi Gas Chemical Co., Ltd. ("MGC") have
> agreed to settle this matter. Settlement documents have been
> exchanged, agreement has been reached on all substantive issues,
> and counsel for Kaneka and MGC expect that the settlement
> documents will be fully executed and a stipulation of dismissal will
> be filed within the next 30 days. The delay is due to the need to
> have the settlement documents approved and executed in Japan,
> and current holidays in Japan.

27.  MGC refused to sign the Protective Order in this action that was stipulated to by the other parties when it was proffered for signature on May 6, 2013, saying "MGC is settling out of the case and will not be signing the Protective Order." (Exhibit E attached hereto is a true copy of that message).

28.  The other parties did not seek discovery from MGC in this civil action at any time before filing of the Stipulation for Settlement and Dismissal of MGC on May 31, 2013.

29.  There is no dispute that the documents and information MGC designated as CBI are entitled to protection as such under the ITC Protective Order.

30.  Most of the documents and information produced by MGC relate to its manufacture of CoQ10 in Japan, which Kaneka sought in its effort to prove infringement.

4

7235627.1

31.   The Opposition fails to show—for example—how MGC's activity that the ITC concluded was non-infringing or that prior MGC activity in Japan is relevant to this litigation. (*See, e.g.*, 35 U.S.C. § 102(a)-(b), requiring evidence of prior use or sale "in this country").

32.   I declare under the laws of the United States of America that the foregoing is true and correct.

June 13, 2013
Osaka, Japan

/s/ John B. Pegram

5

7235627.1

1

## CERTIFICATE OF SERVICE

2

It is certified that on the 13th of June, 2013, a true and correct copy of the foregoing

3

document was electronically filed with the Clerk of Court using the CM/ECF system which will

4

automatically send notification of such a filing to all attorneys of record.

5

/s/ Keith D. Nowak

6

Keith D. Nowak, Esq.
CARTER LEDYARD & MILBURN LLP

7

2 Wall Street
New York, NY 10005

8

Tel:  (212) 732-3200
Fax: (212) 732-3232

9

E-mail: nowak@clm.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

6