Lei Mei (SBN 240104)
Email: mei@meimark.com
Reece Nienstadt (SBN 262411)
Email: rnienstadt@meimark.com
MEI & MARK LLP
P.O. Box 65981
Washington, DC 20035-5981
Telephone: 888-860-5678
Facsimile: 202-658-7441

Attorneys for Defendants Xiamen Kingdomway Group Company and Pacific Rainbow International Inc.
[Additional counsel listed on signature page]

FILED
CLERK, U.S. DISTRICT COURT
NOV 16 2016
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| KANEKA CORPORATION, a Japanese corporation, | Case No.: 2:11-cv-02389-SJO(SSx)-~~MRP~~-SS |
| Plaintiff, | ~~[PROPOSED]~~ AMENDED PROTECTIVE ORDER |
| v. | NOTE CHANGES MADE BY THE COURT |
| ZHEJIANG MEDICINE CO., LTD., a Chinese corporation, ZMC-USA, L.L.C., a Texas corporation, XIAMEN KINGDOMWAY GROUP COMPANY, a Chinese corporation, PACIFIC RAINBOW INTERNATIONAL INC., a California corporation, MITSUBISHI GAS CHEMICAL COMPANY, INC., a Japanese corporation, MAYPRO INDUSTRIES, INC., a New York corporation, and SHENZHOU BIOLOGY & TECHNOLOGY CO., LTD., a Chinese corporation, | [DEMAND FOR JURY TRIAL] |
| Defendants. | |

- 1 -
[~~PROPOSED~~] AMENDED PROTECTIVE ORDER – CASE NO. 2:11-cv-02389-MRP-SS

7878132.2

## GOOD CAUSE STATEMENT

Good cause exists for the issuance of a protective order because it would expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality of discovery materials, adequately protect information – such as trade secrets – in which the parties have a clear privacy interest and that the parties are entitled to keep confidential, and ensure that the parties are permitted reasonably necessary uses of such materials in preparation for trial. The discovery materials to be exchanged include information relating to the issues underlying the claims and counterclaims in this litigation, and their exchange would therefore promote fairness and efficiency.

The protective order would also ensure that only materials the parties are entitled to keep confidential are subject to such treatment in order to protect the interests of the public. For example, to the extent that segregation of confidential business information in filed papers is reasonably practicable, efforts will be made to only file under seal the portions of the papers that contain the confidential business information. For motions, the parties shall file a public, redacted version of the motion and supporting papers in addition to the version that is filed under seal.

## PROTECTIVE ORDER

To expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such

materials in preparation for trial, pursuant to Fed. R. Civ. P. 26(c), it is hereby STIPULATED[1] AND ORDERED THAT:

1. Confidential business information is information that has not been made public and that concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, or other information of commercial value, the disclosure of which is likely to have the effect of causing substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained.

2(a). Any information submitted, in discovery or in a pleading, motion, or response to a motion either voluntarily or pursuant to order, in this action, which is asserted by a supplier to contain or constitute confidential business information shall be so designated by such supplier in writing, or orally at a deposition, conference or hearing, and shall be segregated from other information being submitted. Documents shall be clearly and prominently marked on their face with the legend: "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER" or a comparable notice. Such information, whether submitted in writing or in oral testimony, shall be treated in accordance with the terms of this protective order.

(b). The Court may determine that information alleged to be confidential is not confidential, or that its disclosure is necessary for the proper disposition of

---

[1] Mitsubishi Gas Chemical Company, Inc., ("MGC") is settling with Kaneka Corporation and therefore will likely be dismissed from the case soon. Relatedly, MGC does not sign on to this Stipulated Protective Order. Thus, this Protective Order is "stipulated to" by all of the current parties with the exception of MGC.

- 3 -
[PROPOSED] AMENDED PROTECTIVE ORDER – CASE NO. 2:11-cv-02389-MRP-SS

7878132.2

the proceeding, before, during or after the close of a hearing herein. If such a determination is made by the Court, opportunity shall be provided to the supplier of such information to argue its confidentiality prior to the time of such ruling.

   3. In the absence of written permission from the supplier or an order by the Court, any confidential documents or business information submitted in accordance with the provisions of paragraph 2 above shall not be disclosed to any person other than: (i) outside counsel of record for parties to this action, including necessary secretarial and support personnel assisting such counsel; (ii) qualified persons taking testimony involving such documents or information and necessary stenographic and clerical personnel thereof; (iii) technical experts and their staff who are employed for the purposes of this action (unless they are otherwise employed by, consultants to, or otherwise affiliated with a non-governmental party, or are employees of any domestic or foreign manufacturer, wholesaler, retailer, or distributor of the products, devices or component parts which are the subject of this action); and (iv) the Court, its employees, and contract personnel who are acting in the capacity of Court employees, for developing or maintaining the records of this action or related proceedings for which this information is submitted.

3(a) Any party hereto may designate highly confidential business information as "HIGHLY CONFIDENTIAL INFORMATION; OUTSIDE ATTORNEY'S EYES ONLY; LIMITED DISCLOSURE." Subject to paragraph 3(b) below and with respect to a limited category of information (namely, Plaintiff's pricing and profits on reduced CoenzymeQ10 that Magistrate Segal has ordered Plaintiff to produce), any party hereto may designate extremely sensitive highly confidential business information for further limited disclosure as "HIGHLY CONFIDENTIAL INFORMATION; OUTSIDE ATTORNEY'S EYES ONLY; LIMITED

DISCLOSURE." Any information which is asserted by a supplier to contain or constitute "HIGHLY CONFIDENTIAL INFORMATION; OUTSIDE ATTORNEY'S EYES ONLY; LIMITED DISCLOSURE" shall be so designated by such supplier in writing, or orally at a deposition conference or hearing, and shall be segregated from other information being submitted.

3(b). "HIGHLY CONFIDENTIAL INFORMATION; OUTSIDE ATTORNEY'S EYES ONLY; LIMITED DISCLOSURE" ("HCILD"), shall not be disclosed to any person other than outside counsel of record and their staff, along with any expert designated by a party who needs the information to render his or her opinion, each of which must provide a signed copy of Attachment A hereto to opposing counsel before receiving or reviewing any HCILD information. If HCILD is used in any deposition, both the court reporter and videographer are required to provide a signed copy of Attachment A, and individuals who have not signed Attachment A, must be excluded from the deposition. The Parties will apply to the Court to file any documents containing HCILD under seal. "HIGHLY CONFIDENTIAL INFORMATION; OUTSIDE ATTORNEY'S EYES ONLY; LIMITED DISCLOSURE" ("HCILD"), shall not be disclosed to any person other than six (6) outside counsel of record, two (2) secretarial assistants and two (2) paralegals, along with any expert designated by a party who needs the information

to render his or her opinion, each of which must provide a signed copy of Attachment A hereto to opposing counsel before receiving or reviewing any HCILD information. HCILD information shall be kept in a separate electronic or hard copy file, which file will only be accessible by the individuals who have signed and provided to opposing counsel a copy of Attachment A. If HCILD is used in any deposition, both the court reporter and videographer are required to provide a signed copy of Attachment A, and individuals who have not signed Attachment A, must be excluded from the deposition. The Parties will apply to the Court to file any documents containing HCILD under seal.

   4. All persons designated in paragraph 3(i)[2] hereby agree (i) to be bound by the terms thereof; (ii) not to reveal such confidential business information to anyone other than another person designated in paragraph 3; and (iii) to utilize such confidential business information solely for purposes of this action. Confidential business information submitted in accordance with the provisions of paragraph 2 above shall not be made available to any person designated in paragraph 3(iii) unless he or she shall have first read this order and shall have agreed, in writing provided to all parties to this action: (i) to be bound by the terms thereof; (ii) not to reveal such confidential business information to anyone other than another person designated in paragraph 3; and (iii) to utilize such confidential business information solely for purposes of this action.

---

[2] Necessary secretarial and support personnel assisting counsel need not sign onto the protective order themselves because they are covered by counsel's signing onto the protective order.

5.   If the Court orders, or if the supplier and all parties to the action agree, that access to, or dissemination of information submitted as confidential business information shall be made to persons not included in paragraph 3 above, such matter shall only be accessible to, or disseminated to, such persons based upon the conditions pertaining to, and obligations arising from this order, and such persons shall be considered subject to it, unless the Court finds that the information is not confidential business information as defined in paragraph 1 hereof.

6.   If any papers to be filed with the Court contain confidential business information, the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the protected information (if such portion is segregable) under seal, and this application shall be directed to the judge to whom the papers are directed. For motions, the parties shall also file a redacted version of the motion and supporting papers.

When any confidential business information submitted in accordance with paragraph 2 above is included in an authorized transcript of a deposition or exhibits thereto, arrangements shall be made with the court reporter taking the deposition to bind such confidential portions and separately label them "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER." Before a court reporter or translator receives any such information, he or she shall have first read this order and shall have agreed to be bound by the terms thereof. Alternatively, he or she shall sign the agreement included as Attachment A hereto. Copies of each such signed agreement shall be provided to the supplier of such confidential business information and all parties to this action.

7.   The restrictions upon, and obligations accruing to, persons who become subject to this order shall not apply to any information submitted in accordance with paragraph 2 above to which the person asserting the confidential status thereof agrees in writing, or the Court orders, after an opportunity for

1  hearing, was publicly known at the time it was supplied to the receiving party or
2  has since become publicly known through no fault of the receiving party.
3     8.    The Court acknowledges that any document or information submitted
4  as confidential business information pursuant to paragraph 2 above is to be treated
5  as such within the meaning of Federal Rule of Civil Procedure 26(c), subject to a
6  contrary ruling, after hearing, by the Court.
7     9.    Unless a designation of confidentiality has been withdrawn, or a
8  determination has been made by the Court that information designated as
9  confidential, is no longer confidential, the Court shall take all necessary and proper
10  steps to preserve the confidentiality of, and to protect each supplier's rights with
11  respect to, any confidential business information designated by the supplier in
12  accordance with paragraph 2 above, including, without limitation: (a) notifying the
13  supplier promptly of (i) any inquiry or request by anyone for the substance of or
14  access to such confidential business information, other than those authorized
15  pursuant to this order, (ii) any proposal to redesignate or make public any such
16  confidential business information; and (b) providing the supplier at least seven
17  days after receipt of such inquiry or request within which to take action before the
18  Court, or otherwise to preserve the confidentiality of and to protect its rights in,
19  ~~and to, such confidential business~~ information.
20     10(a). Any party may challenge a designation of confidentiality at any time
21  in a manner that complies with Civil Local Rules 37-1 and 37-2. Unless a prompt
22  challenge to a supplier's confidentiality designation is necessary to avoid
23  foreseeable, substantial unfairness, unnecessary economic burdens, or a significant
24  disruption or delay of the litigation, a party does not waive its right to challenge a
25  confidentiality designation by electing not to mount a challenge promptly after the
26  original designation is disclosed.
27     (b)    The recipient shall initiate the dispute resolution process by providing
28  written notice of each designation it is challenging and describing the basis for

each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient). In conferring, the recipient must explain the basis for its belief that the confidentiality designation was not proper and must give the supplier an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A recipient may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the supplier is unwilling to participate in the meet and confer process in a timely manner.

(c)   If the parties cannot resolve a challenge without court intervention, the supplier shall file and serve a motion to retain confidentiality under Civil Local Rule 7 and in compliance with Civil Local Rules 37-1 and 37-2 (and also in compliance with Civil Local Rule 79-5, if applicable) ~~within 15 days after the supplier objects to the recipient's notice of challenge.~~ Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph, and must be accompanied by a Joint Stipulation pursuant to Civil Local Rule 37-2. ~~Failure by the supplier to make such a motion including the required declaration within 15 days shall automatically waive the confidentiality designation for each challenged designation. In addition, the recipient may~~ file a motion challenging a confidentiality designation at any time if there is good cause for doing so, ~~including a challenge to the designation of a deposition~~ transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a

[margin annotations: SAS; See LR 37 for timing.; SAS]

- 9 -
[~~PROPOSED~~] AMENDED PROTECTIVE ORDER – CASE NO. 2:11-cv-02389-MRP-SS

7878132.2

competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the supplier. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the recipient to sanctions. Unless the supplier has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question confidential until the court rules on the challenge.

11. Prior to the initial disclosure to a proposed expert of any confidential information submitted in accordance with paragraph 2, the party proposing to use such expert shall make a written request to the supplier that (1) sets forth the full name of the expert and the city and state of his or her primary residence, (2) attaches a copy of the expert's current resume, (3) identifies the expert's current employer(s), (4) identifies each person or entity to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years. The preceding paragraph applies to both testifying and non-testifying/consulting experts. If the supplier objects to the disclosure of such confidential business information to such proposed expert as inconsistent with the language or intent of this order or on other grounds, it shall notify the recipient in writing of its objection and the grounds therefore within 10 business days. If the supplier fails to object within 10 business days, it shall be deemed to have consented to the disclosure.

12. If confidential business information submitted in accordance with paragraph 2 is disclosed to any person other than in the manner authorized by this

- 10 -
[PROPOSED] AMENDED PROTECTIVE ORDER – CASE NO. 2:11-cv-02389-MRP-SS

7878132.2

protective order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the supplier and the Court and, without prejudice to other rights and remedies of the supplier, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

13. The parties hereby stipulate, subject to the terms of this Stipulated Protective Order, that (i) all discovery taken in the now-terminated investigation before the U.S. International Trade Commission, *Certain Coenzyme Q10 Products and Methods for Making Same*, Inv. No. 337-TA-790 ("the ITC proceeding"), may be used as though taken in this action, (ii) all confidential business information obtained in the ITC proceeding may be kept and used in this action, and (iii) documents containing all confidential business information may be transferred from ITC counsel for each party to counsel of record in this action, including local counsel and newly appointed counsel. Prior to transferring any confidential business information obtained during the ITC Proceeding to this action that includes the confidential business information of a non-party supplier, the parties will obtain consent to transfer and use such confidential business information from the supplier. For avoidance of any doubt, the parties agree that Agility IP Law, ITC counsel for Xiamen Kingdomway Group Company and Pacific Rainbow International Inc., may transfer documents containing the parties' confidential business information to Mei & Mark LLP, counsel of record for Xiamen Kingdomway Group Company and Pacific Rainbow International Inc. in this action, subject to the terms of this Stipulated Protective Order.

14. Within 60 days after the final termination of this action including all subsequent appeals, if any, each recipient of confidential business information that is subject to this order shall assemble and return to the supplier all items containing such information submitted in accordance with paragraph 2 above, including all copies of such matter which may have been made. Alternatively, by the 60 day

deadline, the parties subject to this order may, with the written consent of the supplier, destroy all items containing confidential business information and certify to the supplier (or his counsel) that such destruction has taken place.

15. If any confidential business information which is supplied in accordance with paragraph 2 above is supplied by a nonparty to this action, such a nonparty shall be considered a "supplier" as that term is used in the context of this order.

16. Each nonparty supplier shall be provided a copy of this order by the party seeking information from said supplier.

17. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: November 16, 2016

Suzanne H. Segal
United States Magistrate Judge

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: November 14, 2016                    Respectfully Submitted,

/s/ Keith D. Nowak
Keith D. Nowak, Esq.
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, NY 10005
Tel: (212) 732-3200
Fax: (212) 732-3232

- 12 -
[PROPOSED] AMENDED PROTECTIVE ORDER – CASE NO. 2:11-cv-02389-MRP-SS

7878132.2